NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD A. BECKER,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2010-3109

---

Petition for review of the Merit Systems Protection Board in case no. NY4324090360-I-1.

---

Decided: September 14, 2010

---

RICHARD A. BECKER, of Coram, New York, pro se.

DAVID A. LEVITT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before RADER, *Chief Judge*, LINN and DYK, *Circuit Judges*.

PER CURIAM.

The Merit Systems Protection Board (the "Board") denied Mr. Richard A. Becker's petition claiming discrimination under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). Because substantial evidence supports the Board's decision, this court *affirms*.

## I.

Mr. Becker, a veteran of the Gulf War, worked as a Nursing Assistant, GS-5, in the Department of Veterans Affairs, Northport, New York. In response to a job opening announcement, Mr. Becker, and six other applicants, applied for the position of Nursing Assistant, GS-6, in the Psychiatry Service. Of the seven applicants interviewing for the advertised position, Mr. Becker was the only veteran.

The opening was for a GS-6 level position. Mr. Becker and four other applicants were eligible for promotion to the GS-6 level, but were currently working at a GS-5 level. Two other applicants, including Julie Giralidi, were already working at a GS-6 level, and were eligible for a reassignment to the advertised position.

On July 17, 2009, a three-member interview panel individually interviewed all seven applicants. The panel consisted of Hester Freeley, Geraldine Kaplan, and Richard Blockett. The panel asked each applicant the same questions and rated each applicant's answer on a scale of 1 to 5, 5 being the best possible score of "excellent," and 1 being the worst possible score of "poor." Mr. Becker earned 48 points on his interview, tied for the worst score among the applicants. The winning applicant, Julie

Giraldi, earned 86 points and was the highest scoring applicant.

In addition to scoring answers, the panel members took notes during the interviews. Ms. Kaplan and Ms. Freeley noted that Mr. Becker "did not come across with any warmth, was flat, and . . . denigrated fellow employees . . . ." On Ms. Giraldi's score sheet, Ms. Freeley noted "[Ms. Giraldi] demonstrates excellent boundaries."

Dr. Charlene Thompson was the selecting official for the advertised position. In selecting Ms. Giraldi, Dr. Thompson explained that the highest ranking candidate was selected for the advertised position and denied that "[Mr. Becker's] veteran status or any alleged whistleblowing activity had anything to do with him not being elected for that position."

On September 2, 2009, Mr. Becker filed an action before the Board challenging the Department of Veteran Affairs' decision not to select him for the advertised position. Following a paper hearing, on December 20, 2009, the administrative judge ("AJ") denied Mr. Becker's action because he did not "prove by a preponderance of the evidence that his military service was a substantial or motivating factor in not selecting him for the advertised position." Mr. Becker appealed the AJ's initial decision to the Board. On March 12, 2010, the Board denied Mr. Becker's petition. Mr. Becker timely appealed to this court. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

## II.

The scope of this court's review from a Board appeal is limited. This court must affirm the Board's decision unless it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained

without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Chase-Baker v. Dep't of Justice*, 198 F.3d 843, 845 (Fed. Cir. 1999).

To prevail on his discrimination action under USERRA, Mr. Becker must prove by a preponderance of the evidence (1) that his membership or performance of service in a uniformed service of the United States was a substantial or motivating factor in the Agency's decision to deny him the advertised position, or (2) that his taking action under USERRA was a substantial or motivating factor in the Agency's decision. 38 U.S.C. § 4311(a), (b).

Mr. Becker challenges the qualifications of the other applicants and the panel. Mr. Becker claims that his work history distinguishes him from the other applicants. Mr. Becker considers his status as a union member with over nineteen years of experience as a Nurse Assistant, work history, and one year of graduate classes as evidence of his superior qualifications to his competition. Mr. Becker asserts the panel was under-qualified and specifically unable to rate him and appreciate his qualities because none of the panelists were veterans.

Mr. Becker claims his interview performance was predetermined to be substandard because of the panel's bias against veterans. Mr. Becker accuses the interview questions and interview grades of showing animosity towards him because of his veteran status. Mr. Becker additionally contended that Ellen Foster, the head of the Human Resources office, told the panel that he was a veteran and had filed previous complaints with the Board. Mr. Becker insists discrimination based on his veteran status explains his low score on the panel interview.

Substantial evidence supports the Board's decision. Mr. Becker had a lower employment rating as a GS-5

than Ms. Giraldi, rated as a GS-6.  Further, Ms. Giraldi earned the highest interview score, contrasted with Mr. Becker's lowest score. No evidence indicates a bias on the panel against veterans.  The panel noted that Mr. Becker did not come across as warm, that he seemed flat, and even noted Mr. Becker denigrated his fellow employees during the interview.  Substantial evidence supports the Department of Veteran Affairs' decision and shows no discrimination against him because of his veteran status.

Accordingly, the judgment of the Board is affirmed.

**AFFIRMED**

COSTS

No costs.