# United States Court of Appeals for the Federal Circuit

2008-3216

RICHARD ERICKSON,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.


Ariel E. Solomon, Tully Rinckey P.L.L.C., of Albany, New York, argued for petitioner.  Of counsel was Mathew B. Tully.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent.  With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3216

RICHARD ERICKSON,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in AT3443070016-I-2.

_____

DECIDED:  July 15, 2009

_____

Before BRYSON and GAJARSA, <u>Circuit Judges</u>, and ST. EVE, <u>District Judge</u>.[*]

BRYSON, <u>Circuit Judge</u>.

The Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") represents Congress's most recent effort to encourage noncareer military service "by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service."  38 U.S.C. § 4301(a).  USERRA prohibits discrimination against civilian employees because of their military obligations,

---

[*]      The Honorable Amy J. St. Eve, United States District Judge for the Northern District of Illinois, sitting by designation.

38 U.S.C. § 4311, and it provides reemployment rights to those who leave their jobs to serve in the uniformed services, 38 U.S.C. § 4312.

Petitioner Richard Erickson, a former employee of the United States Postal Service, claims that the Postal Service violated his USERRA rights when it removed him from his position on account of his military service and refused to reemploy him after he completed that service. He pressed his claims before the Merit Systems Protection Board, but the Board rejected them. We agree with the Board that Mr. Erickson failed to make a timely request for reemployment with the agency, and for that reason, we uphold the Board's ruling that the Postal Service did not unlawfully refuse to reemploy him after his service. With respect to his claim of discrimination based on military service, we reject the Board's rationale for rejecting his claim, and we remand for the Board to address the administrative judge's finding that Mr. Erickson waived his USERRA rights by abandoning his civilian career in favor of one in the military.

I

Mr. Erickson was employed by the Postal Service from 1988 until he was removed from his position in 2000. Throughout his employment with the agency, Mr. Erickson served in the Army National Guard Reserve. During that period, he was absent from his position with the Postal Service for lengthy periods of time while he was on active duty with the National Guard. Between 1991 and 1995, he was absent from his Postal Service position for a total of more than 22 months, and between 1996 and the date of his removal in 2000, he worked at the Postal Service for no more than four days. In January 2000, a labor relations specialist from the Postal Service contacted Mr. Erickson by telephone to determine whether he intended to return to his position

with the agency or continue serving in the military. Mr. Erickson responded that he would not report back to work with the agency until he completed his current tour of duty in September 2001. In the course of that conversation, he stated that he preferred military service to working for the Postal Service.

Shortly thereafter, the Postal Service issued a notice proposing to remove Mr. Erickson from his position because of excessive use of military leave. The notice stated that in the course of his tenure with the agency, he had been on military leave for more than five years, excluding weekend drills and annual training. Because USERRA contains a five-year limit on the amount of military leave an employee may use while retaining employment rights, the agency advised Mr. Erickson that he was no longer entitled to occupy his position with the Postal Service. Mr. Erickson did not respond to the notice of proposed removal, and on March 31, 2000, the agency issued a final decision removing him from his position because of his absence. Mr. Erickson subsequently re-enlisted with the National Guard and remained on active military duty until December 31, 2005.

On September 28, 2006, nine months after the end of his military duty, Mr. Erickson filed an appeal with the Merit Systems Protection Board alleging that the agency had violated his USERRA rights by removing him from his position based on his military service. The administrative judge who was assigned to the appeal found that at the time of Mr. Erickson's removal in 2000, his cumulative military leave did not exceed the five-year cap set by USERRA, because some of Mr. Erickson's military service was statutorily exempt from the five-year service limit. See 38 U.S.C. § 4312(c). The administrative judge further concluded that the agency had violated USERRA's

nondiscrimination provision, 38 U.S.C. § 4311, when it removed Mr. Erickson for excessive use of military leave: "Because appellant was removed solely because of his military service, the evidence of record supports a finding that appellant's military service was 'a substantial factor' in appellant's termination from the Postal Service." However, the administrative judge concluded that Mr. Erickson had waived his USERRA rights by abandoning his civilian career in favor of one in the military. The administrative judge therefore issued an initial decision denying Mr. Erickson's USERRA appeal.

Challenging the administrative judge's finding that he had abandoned his civilian employment, Mr. Erickson filed a petition for review by the full Board. The agency opposed that petition and filed a cross-petition for review alleging that the administrative judge had erred in failing to address its argument that Mr. Erickson did not make a proper request for reemployment with the agency. The Board affirmed the initial decision denying Mr. Erickson's appeal "as modified" by its final order, but it did not address the question whether Mr. Erickson had abandoned his civilian career in favor of one in the military. Instead, the Board found that Mr. Erickson's military service was not, as the administrative judge had concluded, a motivating factor in the agency's decision to remove him, because "the agency's removal notice makes clear that the real reason for the appellant's removal was his absence regardless of its cause." Thus, the Board concluded that Mr. Erickson did not show that the agency had violated USERRA's nondiscrimination provision when it removed him from his position.

The Board also found that Mr. Erickson did not submit a timely request for reemployment with the agency, and that even if he done so, he no longer retained

reemployment rights under section 4312 because at the time of his appeal in 2006 his cumulative absence exceeded the five-year limit set by USERRA. For those reasons, the full Board concluded that Mr. Erickson failed to demonstrate that the agency had violated his USERRA rights. Erickson v. U.S. Postal Serv., 108 M.S.P.R. 494 (2008).

## II

Mr. Erickson maintains that the agency committed two independent USERRA violations with respect to his removal. First, he contends that the agency discriminated against him, in violation of 38 U.S.C. § 4311, when it removed him in 2000 from his position because of his excessive use of military leave. Second, he asserts that the agency violated 38 U.S.C. § 4312 when it refused to reemploy him in 2005 after he had completed his military service.

## A

Section 4311 prohibits discrimination on the basis of military service. It provides:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a). USERRA discrimination claims are analyzed under a burden-shifting mechanism. See Sheehan v. Dep't of the Navy, 240 F.3d 1009, 1013 (Fed. Cir. 2001). An employee who makes a discrimination claim under USERRA bears the initial burden of showing by a preponderance of the evidence that his military service was a substantial or motivating factor in the adverse employment action. If the employee makes that prima facie showing, the employer can avoid liability by demonstrating, as an affirmative defense, that it would have taken the same action without regard to the

employee's military service. Id. at 1013; see 38 U.S.C. § 4311(c)(1). An employer therefore violates section 4311 if it would not have taken the adverse employment action but for the employee's military service or obligation. See H.R. Rep. No. 103-65, at 24 (1993), as reprinted in 1994 U.S.C.C.A.N. 2449, 2457; see also Pittman v. Dep't of Justice, 486 F.3d 1276, 1281 (Fed. Cir. 2007).

In its notice of removal, the Postal Service stated that the sole reason for removing Mr. Erickson from his position was his excessive use of military leave. The full Board acknowledged that "on its face" that admitted purpose would seem to constitute direct evidence of discrimination under USERRA. Nonetheless, the Board found that Mr. Erickson had failed to show that his military service was a motivating factor for the agency's action because the "real reason" for his removal was his absence from work—regardless of whether that absence was caused by his military obligation.

We reject that argument. An employer cannot escape liability under USERRA by claiming that it was merely discriminating against an employee on the basis of his absence when that absence was for military service. As other courts have held, military service is a motivating factor for an adverse employment action if the employer "relied on, took into account, considered, or conditioned its decision" on the employee's military-related absence or obligation. Petty v. Metro. Gov't of Nashville-Davidson County, 538 F.3d 431, 446 (6th Cir. 2008), quoting Coffman v. Chugach Support Servs., 411 F.3d 1231, 1238 (11th Cir. 2005); see Robinson v. Morris Moore Chevrolet-Buick, Inc., 974 F. Supp. 571, 576 (E.D. Tex. 1997), citing Price Waterhouse v. Hopkins, 490 U.S. 228, 241-42 (1989). The most significant—and predictable—consequence of reserve service with respect to the employer is that the employee is absent to perform

that service. To permit an employer to fire an employee because of his military absence would eviscerate the protections afforded by USERRA, the overarching goal of which is to prevent those who serve in the uniformed services from being disadvantaged by virtue of performing their military obligations. See 38 U.S.C. § 4301(a); see also S. Rep. No. 90-1477, at 2 (1968), as reprinted in 1968 U.S.C.C.A.N. 3421, 3421 (stating that the precursor to section 4311 was enacted in response to the "increasing problem" of discrimination against reservists who were discharged or denied benefits because of their obligation to attend military drills or training exercises).

In upholding the agency's action as nondiscriminatory, the Board relied on the fact that an agency is otherwise entitled to remove an employee for prolonged non-military leaves of absence. But as we held in the case of the precursor to section 4311, "an employer can not treat employees on military duty like those on non-military leave of absence." Allen v. U.S. Postal Serv., 142 F.3d 1444, 1447 (Fed. Cir. 1998), citing Carlson v. N.H. Dep't of Safety, 609 F.2d 1024, 1027 (1st Cir. 1979) ("The mandated standard of comparison is not . . . to those coworkers away on non-military leave of absence.") (internal quotation marks omitted). Thus, the fact that the Postal Service could have lawfully removed Mr. Erickson if his absence had not been service related does not excuse its action in this case. Mr. Erickson was absent from work because of his military service, and USERRA protects against removal for that reason.

The agency's explanation that firing Mr. Erickson was necessary in order to fill his position in the Postal Service is similarly without merit. The Supreme Court rejected that argument in Monroe v. Standard Oil Co., 452 U.S. 549 (1981), its first decision construing the antecedent to USERRA's nondiscrimination provision. The Court wrote:

> [T]he nondiscrimination requirements of [the statute] impose substantial obligations upon employers. The frequent absences from work of an employee-reservist may affect productivity and cause considerable inconvenience to an employer who must find alternative means to get necessary work done. Yet Congress has provided . . . that employers may not rid themselves of such inconveniences and productivity losses by discharging or otherwise disadvantaging employee-reservists solely because of their military obligations.

Monroe, 452 U.S. at 565. Congress enacted USERRA in part to make clear that discrimination in employment occurs when a person's military service is "a motivating factor," and not to require, as Monroe had suggested, that military service be the sole motivating factor for the adverse employment action. H.R. Rep. No. 103-65, at 24, as reprinted in 1994 U.S.C.C.A.N. at 2457; see Sheehan, 240 F.3d at 1012-13. That change broadened the employment protections afforded to reservists, see Sheehan 240 F.3d at 1013; it did not alter Monroe's unambiguous instruction that discharging an employee because of his military-related absence constitutes unlawful discrimination. The fact that the Postal Service may have wanted to fill Mr. Erickson's position (presumably with an employee who was not performing military service) cannot shield it from liability for removing him from his position based on his military-related absence.

The Postal Service was not required to hold Mr. Erickson's job for him indefinitely. Section 4312 provides that employees are entitled to reemployment only if the cumulative length of their absence due to military service does not exceed five years, absent certain excepted categories of service. 38 U.S.C. § 4312(a), (c). The five-year cap also applies to section 4311 where, as here, the alleged discrimination consists of the employee's removal because of his military-related absence; otherwise, the five-year limit on an employer's obligation to rehire an employee who left work to serve in the military would be meaningless. In this case, however, it is undisputed that

Mr. Erickson's cumulative military absence at the time of his 2000 removal did not exceed five years (after accounting for statutorily exempt service) and that the agency erred in stating otherwise in its notice of removal. Thus, Mr. Erickson retained employment rights under USERRA when the agency removed him from his position in 2000. For the reasons outlined above, that action constituted unlawful discrimination under section 4311.

B

USERRA also provides service members protection in the form of a right to reemployment in their civilian jobs after completing their military obligations. 38 U.S.C. § 4312(a). As noted, that right attaches only if the cumulative length of all the employee's service-related absences from his civilian job does not exceed five years, not counting excepted service periods. Id. § 4312(a)(2), (c). Section 4312 also requires an employee to provide timely notification to his employer of his intention to return to work; employees who have served in the military for more than 180 days must submit an application for reemployment no more than 90 days after completing their military service. Id. § 4312(e)(1)(D).

In its final decision, the Board found that even after deducting statutorily exempt service, Mr. Erickson's cumulative absence at the time he completed his military service in December 2005 exceeded five years. The Board therefore concluded that he was no longer entitled to reemployment rights under USERRA. Mr. Erickson contends that much of his military service was exempted under section 4312(c) because he was placed on "stop loss" status in 2002. He further argues that the entire time he served in the military after his removal in 2000 should not count towards the five-year service limit

because he performed that service in order to mitigate the economic harm caused by the agency's unlawful removal action.  See 20 C.F.R. § 1002.103(b).  We need not resolve those issues, however, because we agree with the Board that regardless of whether Mr. Erickson exceeded USERRA's five-year service limit, he failed to make a proper request for reemployment within the statutory time frame.

Because Mr. Erickson completed his military service on December 31, 2005, he was required to submit an application for reemployment with the agency by April 1, 2006, but there is no evidence that he did so.  Although he suggested in a deposition that he had asked an agency official for his job back shortly after his removal, he conceded at oral argument that he had merely "expressed a concern" that he was unlawfully removed in violation of USERRA and that he did not affirmatively request to be reemployed by the agency.  Similarly, while Mr. Erickson states that he was in frequent contact with his union regarding alleged violations of his USERRA rights (both before and after his removal), he has not provided any evidence that the union sought his reemployment with the agency.  An application for reemployment under section 4312 requires more than "a mere inquiry," McGuire v. United Parcel Serv., 152 F.3d 673, 676 (7th Cir. 1998), and Mr. Erickson's actions were insufficient to constitute requests for reemployment under the statute.

Mr. Erickson asserts that the appeal he filed with the Board on September 28, 2006, put the Postal Service on notice that he was requesting reemployment, and he points to a May 2007 submission to the Board in which he explicitly invoked his reemployment rights.  Regardless of whether those actions serve as applications for

reemployment under the statute, however, Mr. Erickson did not take either of those actions within 90 days of completing his military service.

Mr. Erickson next argues that he is entitled to a two-year extension of the application period because of an injury he sustained in the course of his military service. But the USERRA provision on which Mr. Erickson relies, 38 U.S.C. § 4312(e)(2)(a), does not provide a blanket two-year extension of the application deadline to all those who were injured during military service. Rather, the statute states that a person who is "hospitalized for, or convalescing from" a service-connected illness or injury shall submit an application for reemployment "at the end of the period that is necessary for the person to recover from such illness or injury," and it limits that recovery period to two years. 38 U.S.C. § 4312(e)(2)(a). As the Board noted, Mr. Erickson has not adduced any evidence that he was hospitalized for or otherwise incapacitated by his service-connected injury. Nor has he shown that he submitted an application for reemployment at the end of any period necessary for him to recover from that injury, as required by the statute. He therefore cannot avail himself of the extension to the 90-day statutory deadline. The Board thus correctly held that he had failed to make a timely application for reemployment under section 4312.

III

In the Board's initial decision, the administrative judge concluded that the agency unlawfully discriminated against Mr. Erickson when it removed him from his position because of his military service. Nonetheless, the administrative judge denied Mr. Erickson's USERRA claim on the ground that he had waived his USERRA rights by abandoning his civilian career to pursue a career in the military. In reaching that

conclusion, the administrative judge relied on Mr. Erickson's stated preference for military work, his long and distinguished military career during much of which he was absent from his Postal Service position, and his failure to take any steps to obtain reemployment with the Postal Service until he filed his appeal with the Board nine months after his separation from the military.

Because USERRA applies to noncareer military service, an employee can waive his USERRA rights by abandoning his civilian career in favor of one in the military. Woodman v. Office of Pers. Mgmt., 258 F.3d 1372, 1377-78 (Fed. Cir. 2001). In the Woodman case, for example, we upheld the Board's conclusion that an employee who had served continuously as a full-time member in the active guard reserve for 14 years and sought multiple service extensions intended to make a permanent career in the military. Id. at 1379; see also Dowling v. Office of Pers. Mgmt., 393 F.3d 1260, 1262-63 (Fed. Cir. 2004) (finding abandonment where employee served in active guard reserve for 12 years, accepted separation from his civilian position without protest, and withdrew all his civilian retirement contributions before entering military service); Moravec v. Office of Pers. Mgmt., 393 F.3d 1263, 1268 (Fed. Cir. 2004).

The problem in this case is that the full Board did not address the issue of abandonment in its final decision, even though the initial decision was based on the administrative judge's finding that Mr. Erickson had abandoned his civilian career. Although the Board reached the same result as the administrative judge, it did so by another route, reversing the administrative judge's finding that the agency had violated USERRA's nondiscrimination provision and holding that Mr. Erickson was ineligible for reemployment rights under the statute.

The Postal Service asserts that in affirming the initial decision "as modified," the full Board necessarily adopted the administrative judge's finding that Mr. Erickson had abandoned his civilian career. We are unwilling to treat the Board's silence as an implicit adoption of the administrative judge's findings of fact on that matter. The Board's final decision is equally (if not more) amenable to the interpretation that the Board intended to affirm the administrative judge's denial of Mr. Erickson's USERRA appeal, but on different grounds. Because the extent to which the full Board adopted the administrative judge's factual findings is uncertain at best, we remand so that the Board can explicitly address whether Mr. Erickson waived his USERRA rights by abandoning his civilian career to pursue one in the military.

Each party shall bear its own costs for this appeal.

<u>AFFIRMED IN PART, REVERSED IN PART, and REMANDED</u>.