NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3037

RICHARD A. BECKER,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Richard A. Becker, of Coram, New York, pro se.

Joan Stentiford Swyers, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3037

RICHARD A. BECKER,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in NY4324090141-I-1.

_____

DECIDED: March 10, 2010

_____

Before GAJARSA, PLAGER, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Richard A. Becker petitions for review of a final decision of the Merit Systems Protection Board ("Board") denying his claim under the Uniformed Services Employment and Reemployment Rights Act of 1999 ("USERRA"), 38 U.S.C. §§ 4301–4333. <u>See</u> <u>Becker v. Dep't of Veterans Affairs</u>, NY4324-09-0141-I-1 (M.S.P.B. Nov. 3, 2009). For the reasons noted, we <u>affirm</u> the decision of the Board.

## BACKGROUND

In 1999, Congress enacted the USERRA to prevent employers from discriminating against persons because of military service. 38 U.S.C. § 4301(a)(1)

(2006). As a result, the USERRA prohibits employers from "den[ying] initial employment, reemployment, retention in employment, promotion, or any benefit of employment" on the basis of an applicant's military service. Id. § 4311(a). Furthermore, the USERRA prohibits an employer from taking adverse action against an employee who has taken an action under the USERRA. Id. at § 4311(b).

Becker served in the United States Army ("Army") for twenty-two years including active duty from 1958 to 1961, service in the Gulf war in 1991, and reserve duty. Because of his service in the Army, Becker is afforded USERRA protection. See id. § 4311(a). He holds the position of Nursing Assistant, GS-5, with the Department of Veterans Affairs ("DVA"), Northport, New York. Over the past ten years, Becker has applied for various positions within the DVA but has not been promoted. He contends that less-qualified non-veterans have been selected for the positions. During an investigation of an equal employment opportunity ("EEO") complaint in 2007, an investigator learned that the head of the Human Resources office at the facility informed the management about numerous appeals that Becker and others had filed with the Board. Becker argues that as a result of that statement, he and other employees are not selected when they apply for new positions.

In January of 2009, Becker applied for a position as a Human Resources Assistant at the Veterans Affairs Medical Center in Northport, New York. Becker and six other candidates applied for and were interviewed for the position. The DVA determined that Becker was qualified, but another employee was selected and accepted the position. The DVA submitted declarations to the Board, regarding the interviews, from the selecting official and the panel members who interviewed the seven

candidates. The declarations stated that all seven candidates answered the same seven questions. Each of the seven candidates were scored by each member of the interview panel on a scale of 0-5 based on responses to the questions; Becker ranked fifth out of the seven candidates. The candidate with the highest score was selected for the position; and neither Becker's veteran status nor prior appeals had any impact on his failure to be selected. The selection panel's notes also indicated that Becker mentioned his duties as a nursing assistant and a part-time clerk at Wal-Mart. The panel's notes further indicated that the selected candidate discussed her experience with credentialing and privileges, the admissions office, and hospital accreditation. The selected candidate is not a veteran.

On February 13, 2009, Becker appealed the DVA's decision claiming that the DVA's failure to select him, over a non-veteran, for the Human Resources Assistant position constituted a violation of the USERRA, 38 U.S.C. §§ 4301–4333. The USERRA prohibits an employer from denying a person a promotion or employment because of such person's military service. 38 U.S.C. § 4311(a). On July 16, 2009, an administrative judge ("AJ") issued an Order stating that to prevail on the merits of his claim, "[Becker] would have to show that his military service was at least a motivating or substantial factor in management's decision not to select him for the position of Human Resources Assistant."

Becker did not request a hearing, and on September 9, 2009, the AJ issued an initial decision denying Becker's claim. The AJ considered the fact that the head of Human Resources had advised certain management officials that Becker had filed appeals with the Board. The AJ, however, found that there was no evidence of "any

anti-veteran animus" or "any negative remarks about [Becker]" communicated from the management to the members of the interviewing panel. Therefore, the AJ found that there was insufficient evidence that Becker's "military service was a substantial or motivating factor in the agency's decision not to select him for the position of Human Resources Assistant." Becker's claim was therefore denied.

Becker sought review of the AJ's decision before the Board. The Board will only review the decision of an administrative judge when significant new evidence is presented that was not available for consideration or when the AJ made an error interpreting a statute or regulation. See 5 C.F.R. § 1201.115. The Board denied review and the decision of the AJ thus became final. This appeal followed.

## DISCUSSION

This court has jurisdiction over Becker's petition pursuant to 5 U.S.C. § 7703. This court must sustain a decision of the Board unless it is "found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; [or] (3) unsupported by substantial evidence." Jacobs v. Dep't of Justice, 35 F.3d 1543, 1545 (Fed. Cir. 1994) (citing 5 U.S.C. § 7703(c) (2006)). This court "will not overturn an agency decision if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hogan v. Dep't of the Navy, 218 F.3d 1361, 1364 (Fed. Cir. 2000) (quoting Brewer v. United States Postal Serv., 647 F.2d 1093, 1096 (Ct. Cl. 1981)).

An employer engages in the conduct proscribed under § 4311(a) if the performance of service "is a motivating factor in the employer's action." Id.

§ 4311(c)(1). In addition, an employer may not discriminate in employment against an employee because such employee "has taken action to enforce a protection afforded any person under [the USERRA]." Id. § 4311(b)(1).

USERRA claims are analyzed under a burden-shifting mechanism, where an employee making a claim under the Act "bears the initial burden of showing by a preponderance of the evidence that his military service was a substantial or motivating factor in the adverse employment action." Erickson v. U.S. Postal Serv., 571 F.3d 1364, 1368 (Fed. Cir. 2009). The employer, however, does not violate the Act if it can show "that the action would have been taken in the absence of such . . . service." 38 U.S.C. § 4311(c)(1), (c)(2)(D); see also Erickson, 571 F.3d at 1364 ("If the employee makes that prima facie showing, the employer can avoid liability by demonstrating, as an affirmative defense, that it would have taken the same action without regard to the employee's military service."). In other words, an employer only violates § 4311 "if it would not have taken the adverse employment action but for the employee's military service." Erickson, 571 F.3d at 1364. Becker's claim against the Department of Veterans Affairs does not provide sufficient evidence to meet his initial burden.

First, there is no evidence presented that Becker's military service was "a motivating factor" in the agency's decision. The Board relied on the agency's submission of declarations from the interviewing panel that all seven candidates were asked the same seven questions and evaluated under the same scale of 0-5. Also, each panel member declared that Becker's military service was not a factor in the panel's decision. Becker has presented no evidence disputing the panel members' declarations.

Second, there is insufficient evidence that the DVA's decision not to offer the position to Becker was based on Becker's prior actions under the USERRA. Although during an EEO investigation an investigator discovered that the head of the Human Resources office notified management about Becker's actions, the Board did not find any evidence that this information was communicated to the members of the interviewing panel. Rather, the panel members' declarations indicated that Becker's prior actions were not considered in their decision making process. Becker, therefore, has not shown by a preponderance of the evidence that his military service or prior USERRA actions were a motivating factor in the agency's decision.

Because Becker did not meet his "initial burden of showing by a preponderance of the evidence that his military service [or prior USERRA actions] was a substantial or motivating factor in the adverse employment action," we need not address whether the agency would have taken the same action regardless of Becker's service. See Erickson, 571 F.3d at 1364.

Because the Board's decision is supported by substantial evidence that neither Becker's military service nor his prior USERRA actions were "motivating factor[s]" in the agency's decision, this court affirms.

No costs.