NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD A. BECKER,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2012-3052

---

Petition for review of the Merit Systems Protection Board in case no. NY4324100278-I-1.

---

Decided: May 15, 2012

---

RICHARD A. BECKER, of Coram, New York, pro se.

LARTEASE M. TIFFITH, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before LOURIE, DYK, and WALLACH, *Circuit Judges*.

PER CURIAM.

Richard A. Becker ("Becker") petitions for review of a final decision of the Merit Systems Protection Board ("Board") denying his claim under the Uniformed Services Employment and Reemployment Rights Act of 1999 ("USERRA"), 38 U.S.C. §§ 4301-4333. *Becker v. Dep't of Veterans Affairs* ("*Final Decision*"), No. NY4324-10-0278-I-1 (M.S.P.B. Dec. 7, 2011). We *affirm*.

## BACKGROUND

In 1994, Congress enacted USERRA to prevent employers from discriminating against persons because of military service. 38 U.S.C. § 4301(a)(3) (2006). As a result, USERRA prohibits employers from denying employment or promotion on the basis of an applicant's military service, *id.* § 4311(a), or from taking adverse action against an employee who has brought an action under USERRA, *id.* § 4311(b). Becker, a U.S. Army veteran, holds the position of Nursing Assistant, GS-5, in the Department of Veterans Affairs. He applied for the position of Medical Support Assistant, GS-6, but his application was denied because he did not meet the specialized experience requirements for the position. Becker filed a USERRA complaint with the Board, alleging that he was discriminated against in the selection process because he was a veteran or because of his prior actions to enforce his rights under USERRA, or both.

On March 31, 2011, the administrative judge dismissed Becker's appeal for lack of jurisdiction, finding that Becker failed to make a nonfrivolous allegation that his military service or previous USERRA appeals were a factor in the agency's determination not to hire him. On petition for reconsideration, the Board vacated the initial

decision and found jurisdiction over Becker's USERRA claim. The Board, however, denied the claim on the merits, finding that Becker "failed to produce any evidence suggesting that his military service or prior USERRA activity contributed to the agency's determination regarding his qualifications and experience," and that he therefore "failed to meet his initial burden" under USERRA. *Final Decision*, slip op. at 4-5. Becker timely appealed. We have jurisdiction pursuant to 5 U.S.C. § 7703.

## DISCUSSION

This court must sustain a decision of the Board unless it is "found to be . . . (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). USERRA claims are analyzed under a burden-shifting mechanism, where a veteran making a claim "bears the initial burden of showing by a preponderance of the evidence that his military service [or prior action to enforce his rights under USERRA] was a substantial or motivating factor in the adverse employment action." *Erickson v. U.S. Postal Serv.*, 571 F.3d 1364, 1368 (Fed. Cir. 2009).

The Board did not err in finding that Becker's claim did not provide sufficient evidence to meet his initial burden. Becker has not, either before the Board or here on appeal, offered sufficient evidence to demonstrate that his military service or prior USERRA claims were a substantial or motivating factor in the agency's decision to not hire him for the Medical Support Assistant position. The fact that non-veterans are making hiring decisions does not support Becker's argument that the decision not to hire him must have been improperly motivated. It

appears that Becker simply disagrees with the agency's assessment of his qualifications. We note that Becker has previously been involved in numerous USERRA appeals alleging that his military service was a factor in non-veterans being hired instead. *See, e.g., Becker v. Dep't of Veterans Affairs*, 414 F. App'x 274 (Fed. Cir. 2011); *Becker v. Dep't of Veterans Affairs*, 393 F. App'x 723 (Fed. Cir. 2010); *Becker v. Dep't of Veterans Affairs*, 373 F. App'x 54 (Fed. Cir. 2010).

The Board also did not err in finding that Becker waived his rights to a hearing. In USERRA cases, the veteran has a right to an administrative hearing if requested. *See Kirkendall v. Dep't of the Army*, 479 F.3d 830, 844 (Fed. Cir. 2007). With respect to hearings on USERRA appeals, the regulations provide that "[a]n appellant must submit any request for a hearing *with* the USERRA appeal, *or within any other time period the judge sets*." 5 C.F.R. § 1208.13(b) (emphasis added). But, despite having been advised of his rights to a hearing here by the administrative judge, Becker never requested a hearing.

Becker's remaining arguments have been considered and are also without merit.