NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD A. BECKER,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2011-3224

---

Petition for review of the Merit Systems Protection Board in Case No. NY4324100222-I-1.

---

Decided: May 15, 2012

---

RICHARD A. BECKER, of Coram, New York, pro se.

AUSTIN M. FULK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before LOURIE, DYK, and WALLACH, *Circuit Judges*.

PER CURIAM.

Petitioner Richard A. Becker seeks review of a final decision by the Merit Systems Protection Board ("Board") denying his claim under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301–33, regarding a non-promotion decision by the Department of Veterans Affairs ("DVA"). *Becker v. Dep't Veterans Affairs*, No. NY-4324-10-0222-I-1 (M.S.P.B. Feb. 7, 2011) ("*Initial Decision*"); (M.S.P.B. Aug 25, 2011) ("*Final Order*"). For the reasons described below, we *affirm* the decision of the Board.

## BACKGROUND

Becker is an Army veteran employed as a Nursing Assistant, GS-5, at a DVA medical facility in Northport, New York. On January 19, 2010, the DVA posted a vacancy announcement inviting applications for four GS-6 Health Technician positions. The announcement stated that the positions would be open to permanent DVA medical center employees and requested that applications be submitted no later than January 21, 2010. Although Becker did not apply until January 27, 2010, his application was accepted because he had been on sick leave during the specified application period.

In total, twenty-three individuals applied for the four open positions. Seven of those were deemed not qualified; the remaining sixteen applications, including Becker's, were referred with the applicants' names omitted for evaluation by a promotion panel. The promotion panel consisted of two subject matter experts holding GS-6 Health Technician positions, Decoteur Samuel and Bernadette Anderson. The panel evaluated the sixteen

anonymous applications and assigned a numerical score to each based on the candidates' listed background information, supervisory appraisals, and relevant knowledge, skills, and abilities. Following review by the promotion panel, only the five highest-rated candidates were selected for further consideration. Those candidates received scores of 50, 50, 42, 30, and 28. Becker, with a score of 10, was not selected. Accordingly, Becker received a letter from the DVA on February 25, 2010, explaining that although he was qualified for the announced positions, he had not ranked highly enough among the pool of qualified applicants to merit selection.

On June 11, 2010, Becker filed an appeal to the Board, alleging that the DVA's non-promotion decision had violated his rights under the USERRA. On February 7, 2011, an administrative judge ("AJ") issued an initial decision denying Becker's USERRA claim because he had failed to establish that his military service was a substantial or motivating factor in the DVA's personnel decision. In particular, the AJ found that Becker had provided no evidence that anyone involved in the hiring process was hostile to military service members, that the promotion panel's scoring of his application was influenced by his military service, or even that the promotion panel had been aware of his or any other applicant's identity in scoring the applications.

Becker sought review of the AJ's decision by the full Board. The Board denied review on August 25, 2011, finding no error in the AJ's decision, and the AJ's decision therefore became the final decision of the Board. This appeal followed.

DISCUSSION

We must affirm decisions of the Board unless they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The USERRA prohibits public and private employers from denying employment or promotion based on a candidate's military service. 38 U.S.C. § 4311(a). To prevail on such a claim, a plaintiff employee or applicant must establish by a preponderance of the evidence that his or her military service was a motivating or substantial factor in the disputed employment decision. *Id.* § 4311(c)(1); *Erickson v. U.S. Postal Serv.*, 571 F.3d 1364, 1368 (Fed. Cir. 2009). If the employee makes that prima facie showing, the employer must demonstrate that it would have taken the same action regardless of the employee's military service to avoid liability. *Erickson*, 571 F.3d at 1368.

Becker maintains that the DVA violated his rights under the USERRA by failing to select him for a GS-6 Health Technician position. Becker's position appears to rest primarily on his contentions that (1) no veterans were selected for the open positions, (2) the members of the promotion panel (Samuel and Anderson) are not themselves veterans, and (3) Anderson holds personal animus against Becker due to his alleged previous involvement in a misconduct charge filed against her. The government responds that Becker failed to satisfy his statutory burden under the USERRA because he provided no evidence indicating that his military service was a motivating or substantial factor in the non-promotion decision.

As recognized by the Board, Becker's bare assertions of discrimination cannot support his USERRA claim. Becker seems to suggest that the mere selection of a non-veteran by a promotion panel made up of non-veterans establishes discriminatory motivation. But Becker provided no evidence indicating that Samuel or Anderson actually held any such bias, nor does he dispute that the promotion panel rated each application without knowing the applicants' identities or that one of the three applicants ultimately hired as a Health Technician served in the Army National Guard. Similarly, Becker's argument that Anderson harbors personal prejudice against him fails to account for the anonymous nature of the selection process, and, even if true, that allegation concerns a workplace dispute wholly unrelated to Becker's military service. In short, Becker's allegations of discrimination lack any foundation in the record and are insufficient to establish by a preponderance of the evidence that his military service was a substantial or motivating factor in denying his application for promotion.

CONCLUSION

We have considered Becker's other arguments and find them to be without merit. Accordingly, because Becker failed to carry his burden under the USERRA, the Board's decision is affirmed.

**AFFIRMED**