NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD A. BECKER,**
*Petitioner,*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2012-3111

---

Petition for review of the Merit Systems Protection Board in Case No. NY4324110013-I-1.

---

Decided: December 10, 2012

---

RICHARD A. BECKER, of Coram, New York, pro se.

LAUREN S. MOORE, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before BRYSON, SCHALL, and MOORE, *Circuit Judges.*

PER CURIAM.

## DECISION

Richard A. Becker seeks review of a decision of the Merit Systems Protection Board denying his claim under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301-4333, contesting his non-selection for a position with the Department of Veterans Affairs ("DVA"). We affirm.

## BACKGROUND

USERRA prohibits employers from discriminating against employees or prospective employees on the basis of prior military service. It forbids the denial of employment or promotion on the basis of an applicant's military service, 38 U.S.C. § 4311(a), and forbids retaliation against an individual who has exercised his or her rights under USERRA, *id.* § 4311(b).

Mr. Becker is a United States Army veteran. In July 2010, the DVA issued a vacancy announcement for the position of Health Technician (Peer Support), GS-640-06, in Social Work Service at the Veterans Affairs Medical Center in Northport, New York. The announcement explained that applicants must possess certain specialized experience related to serious mental illness and substance use disorders. Mr. Becker submitted an application but was informed that he did not meet the specialized experience requirement for the position.

Mr. Becker then filed a complaint with the Merit Systems Protection Board asserting a violation of his rights under USERRA. The administrative judge who was

assigned to the case issued an order explaining what Mr. Becker had to show to establish that the Board had jurisdiction over his claim and to prevail on the merits. Mr. Becker submitted a response challenging the DVA's decision on the merits and alleging that less qualified non-veterans had been selected for the position over him. The DVA responded that Mr. Becker "without question" lacked the requisite specialized experience and that "five of the candidates referred for selection were veterans."

The administrative judge dismissed Mr. Becker's appeal for lack of jurisdiction on the ground that Mr. Becker had "failed to assert a nonfrivolous allegation that his performance of duty in the uniformed service was a substantial or motivating factor in the loss of a benefit of employment." On Mr. Becker's petition for review, the full Board issued an order holding that it had jurisdiction over Mr. Becker's appeal but denying his request for corrective action on the merits. The Board ruled that he had "failed to meet his initial burden of proving that his military service or prior USERRA activity was a substantial or motivating factor in the agency's determination that he did not meet the specialized experience requirements." Mr. Becker now seeks review in this court.

## DISCUSSION

In a USERRA discrimination case, the claimant bears the initial burden to show, by a preponderance of the evidence, that the employee's military service or prior exercise of USERRA rights was "'a substantial or motivating factor' in the adverse employment action." *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001); *see also* 38 U.S.C. § 4311(c). The Board held that Mr. Becker failed to meet that initial burden of proof, and we agree.

As to section 4311(a), Mr. Becker makes a variety of contentions, but none bears on the critical threshold inquiry of whether his military service was a substantial or motivating factor in the decision not to select him for the Health Technician position. For example, Mr. Becker claims that he has prior experience as a nurse assistant. But that does not establish specialized experience in mental illness or, more importantly, that his military service was relevant to the DVA's selection decision. To the contrary, as the administrative judge noted, five of the thirteen candidates who were referred for selection were veterans, which tends to undercut his claim that his military service was a factor in his non-selection.

Nor has Mr. Becker provided any evidence to support a finding that his prior USERRA actions were a substantial or motivating factor in the hiring decision at issue. It is true that Mr. Becker has filed a number of complaints and appeals to this court, many of which express disagreement with agency employment decisions. *See, e.g.*, *Becker v. Dep't of Veterans Affairs*, 480 F. App'x 988 (Fed. Cir. 2012); *Becker v. Dep't of Veterans Affairs*, 480 F. App'x 990 (Fed. Cir. 2012); *Becker v. Dep't of Veterans Affairs*, 474 F. App'x 761 (Fed. Cir. 2012); *Becker v. Dep't of Veterans Affairs*, 414 F. App'x 274 (Fed. Cir. 2011); *Becker v. Dep't of Veterans Affairs*, 393 F. App'x 723 (Fed. Cir. 2010); *Becker v. Dep't of Veterans Affairs*, 373 F. App'x 54 (Fed. Cir. 2010); *Becker v. Dep't of Veterans Affairs*, 350 F. App'x 439 (Fed. Cir. 2009). The number of those unsuccessful complaints, however, does not constitute evidence of collusion or retaliation against Mr. Becker. The Board determined that Mr. Becker failed to show that the DVA's decision not to select him for the position in Northport was motivated by his earlier USERRA actions rather than the stated reason that he lacked the required specialized experience. Mr. Becker

has not provided us with any basis for overturning that determination.

No costs.

**AFFIRMED**