**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| STANLEY C. BRASCH, | DOCKET NUMBER |
| Appellant, | CH-4324-14-0175-I-1 |
| v. | |
| DEPARTMENT OF | DATE: September 28, 2015 |
| TRANSPORTATION, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Stanley C. Brasch</u>, St. Louis, Missouri, pro se.

<u>Parisa Naraghi-Arani</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA).  Generally, we grant petitions such as this one only

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    In this USERRA appeal, the appellant, a computer specialist at the agency's Federal Aviation Administration (FAA), argued that the agency denied him "Excused Absence for medical care as a result of service connected disabilities and/or injuries." Initial Appeal File (IAF), Tab 1 at 1, 5. He also contended that the agency denied him "Excused Absence … to assist and attend a U.S. Department of Defense, Employer Support of the Guard and Reserve Leadership Training[.]" *Id.* at 5. He asserts that he was forced to use sick or annual leave to seek medical care and to attend the cited training program. *Id.* Concerning both claims, the appellant argued that the agency was providing "Excused Absences for non-military employees of the FAA" for medical examinations and for training, both defense and nonmilitary related. *Id.* The administrative judge provided the appellant with notice of the elements and burdens of establishing jurisdiction over and proving his USERRA claims, and both parties replied. IAF, Tabs 5, 10-11.

¶3    The administrative judge found that the appellant established jurisdiction and held a 2-day hearing. She denied his request for corrective action because

she found that the agency did not discriminate against the appellant due to his military service when it denied his requests to change the sick and annual leave, which it approved for the appellant to seek medical care and attend training, to paid administrative leave. IAF, Tab 41, Initial Decision (ID). In his petition for review, the appellant reasserts the arguments he made below. Petition for Review (PFR) File, Tab 1; *see* IAF, Tab 27. The agency responds in opposition to the appellant's petition for review. PFR File, Tab 4.

¶4	A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a). Under 38 U.S.C. § 4311, military service is a motivating factor for an employment action if the employer "relied on, took into account, considered, or conditioned its decision" on the employee's military–related absence or obligation. *Erickson v. U.S. Postal Service*, 571 F.3d 1364, 1368 (Fed. Cir. 2009).

¶5	The appellant asserts that he was denied certain benefits of employment on the basis of his military service. He asserted that the agency treated military and nonmilitary employees differently as to allowing excused absences (administrative leave) for medical care and training. We agree with the administrative judge that the appellant failed to meet his burden to show that the agency discriminated against him based on his military service or status. ID at 11.

¶6	On the appellant's first claim, based on hearing testimony and the plain language of the pertinent agency regulation, the administrative judge found that an excused absence only is available for induction, enlistment, or other required periodic examinations related to military duty. ID at 5-8; *see* IAF, Tab 9 at 59. Excused absences are not authorized for individuals receiving treatment for

military-related injuries, and agency policy required the appellant to use personal leave for his medical treatment. ID at 8; IAF, Tab 10 at 16-20. The record therefore shows that the agency did not deny the appellant any benefit of employment concerning leave for medical treatment.

¶7    As to the appellant's second claim, the administrative judge found that, because the training the appellant sought to attend was not related to his agency position and he was no longer detailed to the Department of Defense, agency policy did not require it to grant him an excused absence to attend this training. ID at 8-10. As the administrative judge recounted, the employee whom the appellant cited as having been allowed excused absence to attend the training at issue testified how the training related to his position involving monitoring agency contracts. ID at 9. By contrast, the administrative judge found that the appellant failed to explain how the training at issue related to his information technology position. *Id*. Again, the record shows that the agency did not deny the appellant any benefit of employment, this time regarding excused absence for training.

¶8    Accordingly, we affirm the administrative judge's decision to deny the appellant's request for corrective action under USERRA.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff.

Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.