# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

APRIL PINSONNEAULT,
      Appellant,

      v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
NY-315H-17-0203-I-1

DATE: May 19, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>April Pinsonneault</u>, West Point, New York, pro se.

<u>Matthew J. Geller</u>, Esquire, West Point, New York, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the finding that the Board lacks jurisdiction over the appellant's termination appeal under 5 U.S.C. chapter 75 and 5 C.F.R. part 315, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

finding that the appellant failed to nonfrivolously allege jurisdiction under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), and REMAND the case to the New York Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    Effective September 19, 2016, the U.S. Military Academy appointed the appellant to an Information Technology Specialist position in the competitive service. Initial Appeal File (IAF), Tab 1 at 8, Tab 5 at 9. Although originally subjected to a 1-year probationary period, this was corrected to a 2-year probationary period due to the National Defense Authorization Act for Fiscal Year 2016 (NDAA for 2016), Pub. L. No. 114-92, § 1105(a)(1), 129 Stat. 726, 1023-24 (2015) (codified at 10 U.S.C. § 1599e), which requires 2-year probationary periods for employees hired within the Department of Defense after November 25, 2015. IAF, Tab 1 at 7. On August 1, 2017, the agency terminated the appellant, prior to the completion of both the original 1-year probationary period and the corrected 2-year probationary period. *Id.* at 11-15.

¶3    The appellant filed an appeal challenging her termination, alleging "Harmful procedural Error and Violation of Uniformed Services Employment Rights." *Id.* at 5. She further asserted that she was being terminated for failure to follow "processes that don't exist [and] that aren't followed by anyone," and that there is no cognizable justification for her termination. *Id.* Finally, she stated, "I verbally notified [the agency] on July 11th, 2017 that I'd been selected for a mobilization tour date with start date of August 19th, 2017 and waiting for my orders." *Id.*

¶4    In an acknowledgment order, the administrative judge notified the appellant of how to establish jurisdiction over her appeal. IAF, Tab 2 at 2-5. In a subsequent jurisdictional order, the administrative judge recognized that the appellant's initial appeal appeared to include an allegation of a USERRA

violation and thus notified the appellant of how to establish jurisdiction over such USERRA claims.  IAF, Tab 3.

¶5    In her response to the jurisdiction order, the appellant reiterated her claim of a violation of "Uniformed Services Employment Rights," and she cited USERRA's prohibition on discrimination under 38 U.S.C. § 4311(a).[2]  IAF, Tab 9 at 7, 24.  She also submitted documentation of a successful performance evaluation, dated March 30, 2017, and a resulting 16-hour time off award given less than 2 months before her termination.  *Id.* at 27-29.  Additionally, the appellant cited 5 C.F.R. § 1201.56(c)(1) for the proposition that the Board has jurisdiction over her claim that the agency committed harmful error in arriving at its decision to terminate her.  *Id.* at 6.

¶6    The administrative judge issued an initial decision, dismissing this appeal for lack of jurisdiction.  IAF, Tab 12, Initial Decision (ID).  She found that (1) the appellant failed to show that she was an "employee" as defined by 5 U.S.C. § 7511(a), (2) the appellant failed to nonfrivolously allege jurisdiction under 5 C.F.R. §§ 315.805–.806, and (3) the appellant failed to nonfrivolously allege jurisdiction under USERRA.  ID at 4-8.  Specifically, the administrative judge found that the appellant failed to nonfrivolously allege that her mobilization was a "substantial or motivating factor" in the agency's decision to terminate her during her probationary period.  ID at 7.  Moreover, the administrative judge held that, to meet her jurisdictional burden of showing that her military service was a motivating factor in her termination, the appellant "must nonfrivolously allege the agency 'relied on, took into account, considered, or conditioned its decision' on her military service."  *Id.* (quoting *Erickson v. U.S. Postal Service*, 571 F.3d 1364, 1368 (Fed. Cir. 2009) (discussing the

---

[2] In her response, the appellant incorrectly cited 5 C.F.R. § 1201.56(a)(3) for establishing jurisdiction over a USERRA allegation, but that section specifically says it does *not* apply to USERRA allegations.  5 C.F.R. § 1201.56(a)(3); IAF, Tab 9 at 7. Presumably, she meant to cite to 5 C.F.R. § 1201.57(a)(3), which applies to USERRA appeals.

appellant's initial burden during adjudication of the merits phase of a USERRA claim)).  The administrative judge additionally found that, even after being given an opportunity to respond to the USERRA jurisdictional order, "the appellant's subsequent pleadings were devoid of any additional information shedding any additional light on her claim."  ID at 8.

¶7  The appellant has filed a petition for review disputing the facts underlying her termination.  Petition for Review (PFR) File, Tab 1 at 4-5.  She further states that she was mobilized for military service "within 3 weeks of [the agency] unfairly terminating me in the midst of a mobilization process."  *Id.* at 4.  The remainder of the appellant's petition focuses on her dissatisfaction with the appeal process and lack of rights afforded to probationary employees.  *Id.* at 4-5.  The agency has responded to her petition for review.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board lacks jurisdiction over the appellant's probationary termination claim under 5 U.S.C. chapter 75 and 5 C.F.R. part 315.

¶8  The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 7 (2016).  Generally, to qualify as an "employee" with adverse action appeal rights to the Board, an individual in the competitive service must show that she is not serving a probationary period under an initial appointment or has completed 1 year of current continuous service under an appointment other than a temporary one limited to 1 year or less.[3] 5 U.S.C. § 7511(a)(1)(A); *Henderson v. Department of the Treasury*,

---

[3] As the administrative judge observed, the agency corrected the appellant's Standard Form 50 to reflect a 2-year probationary period.  ID at 2; IAF, Tab 5 at 10.  It made this change to comply with the NDAA for 2016.  10 U.S.C. § 1599e.  In the initial decision, the administrative judge incorrectly cited section 1599a for this proposition, but was in fact referencing 1599e.  ID at 2.  Because the appellant was terminated within 1 year, the Board need not determine whether a 1- or 2-year probationary period is applicable here.

114 M.S.P.R. 149, ¶ 9 (2010). Additionally, the Board has jurisdiction over the termination of a probationary employee if her termination was based on marital status or partisan political reasons. 5 C.F.R. § 315.806(b); *see Green-Brown v. Department of Defense*, 118 M.S.P.R. 327, ¶ 5 (2012) (discussing the two-step process for establishing Board jurisdiction over such claims). Furthermore, under 5 C.F.R. § 315.806(c), a probationer whose termination was based on preappointment reasons may appeal on the ground that her termination was not effected in accordance with the procedural requirements of section 315.805. *West v. Department of Health & Human Services*, 122 M.S.P.R. 434, ¶ 7 (2015).

¶9    The appellant began working for the agency on September 19, 2016, and was terminated effective August 1, 2017. IAF, Tab 1 at 8, 11. She has not claimed any prior Federal civilian employment and her prior active-duty military service does not count towards the 1 year of current continuous service requirement. *Cunningham v. Department of the Army*, 119 M.S.P.R. 147, ¶ 6 (2013). As such, we agree with the administrative judge that the appellant is not an "employee" for purposes of chapter 75 and thus the Board does not have jurisdiction over her termination appeal.

¶10    Moreover, the appellant has not alleged that her termination was based on marital status, partisan political reasons, or preappointment reasons. As such, we further agree with the administrative judge that the appellant has failed to make a nonfrivolous allegation that she has a regulatory appeal right under 5 C.F.R. § 315.806.

¶11    The administrative judge did not address the appellant's claims of harmful error. IAF, Tab 1 at 5, Tab 9 at 6. Nevertheless, we find this oversight harmless. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding the administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights). Because the Board has no jurisdiction over the appellant's termination as an otherwise appealable action, the Board has no independent jurisdiction to adjudicate her

harmful error claims. *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 11 (2010). The regulation cited by the appellant as supporting Board jurisdiction over her harmful error claim does not change that result. Section 1201.56(c)(1) requires reversing an otherwise appealable action if the appellant shows harmful error. Because the appellant has not established jurisdiction over an otherwise appealable action, this regulation's discussion of harmful error is inapplicable here.

**The appellant has established jurisdiction over her USERRA discrimination claim under 38 U.S.C. § 4311(a).**

¶12      Under USERRA, the Board has jurisdiction over a "person" alleging discrimination in Federal employment on account of prior military service or military obligations. 38 U.S.C. §§ 4311(a), 4324(b); *Henderson v. U.S. Postal Service*, 95 M.S.P.R. 454, ¶ 5 (2004). Regardless of the appellant's status as an "employee" outlined above, individuals who have not completed 1 year of current continuous service nonetheless qualify as "person[s]" under USERRA, and thus are not excluded from filing appeals under the provisions of that statute. *Henderson*, 95 M.S.P.R. 454, ¶ 6.

¶13      USERRA provides in relevant part that "[a] person who is a member of . . . or has an obligation to perform service in a uniformed service shall not be denied . . . retention in employment . . . on the basis of that membership . . . or obligation. 38 U.S.C. § 4311(a). To establish Board jurisdiction over a USERRA discrimination appeal, the appellant must nonfrivolously allege (1) she performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied her initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service.[4]

---

[4] An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s).

*Wilson v. Department of the Army*, 111 M.S.P.R. 54, ¶ 8 (2009); 5 C.F.R. § 1201.57(b).

¶14 It is undisputed that the appellant both previously performed duty and had an obligation to perform duty in a uniformed service of the United States. IAF, Tab 1 at 1, Tab 9 at 555-56. Additionally, the appellant's termination during her probationary period constitutes a denial of "retention in employment." *Pruitt v. Department of Veterans Affairs*, 97 M.S.P.R. 495, ¶ 5 (2004) (finding that termination during probation is denying "retention in employment" within the meaning of 38 U.S.C. § 4311(a)). The only remaining question is whether the appellant has nonfrivolously alleged that the agency's denial was "due to" the performance or obligation to perform her duty in a uniformed service. We find that she has.

¶15 Contrary to the administrative judge's analysis, the appellant's requirement to prove that her military obligation was a "substantial or motivating factor" in the agency's action does not arise at the jurisdictional stage and is not analyzed under the nonfrivolous standard. *See Lazard v. U.S. Postal Service*, 93 M.S.P.R. 337, ¶ 9 (2003) (distinguishing between the sufficiency of allegations at the jurisdictional stage and the merits stage of a USERRA appeal). Likewise, the administrative judge incorrectly held that, to prove her military obligation was a motivating factor in her termination, the appellant must nonfrivolously allege the agency relied on, took into account, considered, or conditioned its decision on her military obligation. ID at 7. This finding incorrectly conflates the appellant's burden at the jurisdictional and merits determination stages. The *Erickson* decision, on which the administrative judge relied, applies that standard to a merits determination, not to a jurisdictional finding. *Erickson*, 571 F.3d at 1368.

¶16 It is well established that a claim of discrimination under USERRA should be broadly and liberally construed in determining whether it is nonfrivolous for jurisdictional purposes, particularly when, as here, the appellant is pro se. *Wilson*, 111 M.S.P.R. 54, ¶ 9. The weakness of the assertions in support of a

claim is not a basis to dismiss a USERRA appeal for lack of jurisdiction; rather, if the appellant fails to develop her contentions, her USERRA claim should be denied on the merits. *Id.* An appellant's allegation in general terms that the agency denied her retention in employment due to her uniformed service is sufficient to establish USERRA jurisdiction. *See Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶ 8 (2010) (finding vague and unspecific allegations that the agency denied employment in a position because of prior uniformed service was sufficient to establish USERRA jurisdiction); *Swidecki v. Department of Commerce*, 113 M.S.P.R. 168, ¶ 9 (2010) (finding that the appellant established USERRA jurisdiction when he asserted that he performed duty in a uniformed service of the United States, the agency was aware of his prior uniformed service, and it denied him employment in a temporary position in part because of his prior uniformed service).

¶17        We recognize that the appellant did not submit any concrete evidence to substantiate her claims that the agency terminated her during her probationary period because of her prior duty and obligation to perform duty in a uniformed service. However, the appellant has alleged that she was terminated within 1 month of notifying the agency of her mobilization, and that her termination violated her rights as a member of the uniformed services. She also has alleged that the agency's proffered reasons for termination were disprovable, and suggested that other employees engaging in similar conduct are not terminated. This, coupled with the fact that her termination was less than 2 months after she received a time off award, is sufficient to establish a nonfrivolous allegation that her termination was due to her obligation to perform duty in the uniformed services of the United States. *See Sheehan v. Department of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001) (explaining that discriminatory motivation under USERRA may be reasonably inferred from factors such as the proximity in time between the military activity and the adverse action, inconsistencies between the

agency's proffered reasons and other actions of the employer, and disparate treatment of the appellant compared to similarly situated employees).

¶18 Having found that the Board has jurisdiction over the appellant's USERRA claim, we find that the appellant is entitled to a remand for further development of the record and adjudication on the merits of her USERRA claim. The appellant elected not to request a hearing in her appeal when she originally filed. IAF, Tab 1 at 2. In light of this remand, the administrative judge should provide the appellant with another opportunity to request a hearing if she so chooses. *See Swidecki*, 113 M.S.P.R. 168, ¶ 6 (finding an appellant who raises a USERRA claim has an unconditional right to a hearing).

## ORDER

¶19 For the reasons discussed above, we remand this case to the New York Field Office for further adjudication in accordance with this Remand Order.[5]


FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.

---

[5] The remand initial decision will incorporate the findings from this order and include a notice of appeal rights for all claims raised by the appellant.