# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HECTOR SOTO,<br>        Appellant, | DOCKET NUMBER<br>AT-4324-15-0070-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE: August 4, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Hector Soto, Riviera Beach, Florida, pro se.

Ogochukwu Ekwuabu, Esquire, West Palm Beach, Florida,
    and Dana C. Heck, Esquire, St. Petersburg, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant, a GS-11 Cytotechnologist, applied for a GS-12 Pathology Specialist position in response to a vacancy announcement open to all permanent agency employees. *See* Initial Appeal File (IAF), Tab 6 at 14-18, 26. Thereafter, he received a "Notice of Results" informing him that he was eligible for the vacancy, but that his qualifications were subject to verification by the human resources office. *Id.* at 26. According to the agency, the appellant was the only applicant for the position and, in order to obtain at least three qualified candidates for the position, the agency cancelled the first announcement and issued a second vacancy announcement open to all U.S. citizens. *Id.* at 7, 32, 34, 37-42. The appellant applied through the all-sources announcement, but the agency later informed him that his application did not meet the minimum requirements specified in the vacancy announcement. *See id.* at 53.

¶3 In his petition for review in the appeal of an agency action unrelated to his nonselection for the GS-12 Pathology Specialist position, the appellant

complained of his nonselection for the Pathology Specialist position. *See* MSPB Docket No. AT-4324-13-0134-B-1, Final Order (Oct. 10, 2014). Because it appeared that the appellant was raising a new USERRA claim, the Board forwarded the matter to the regional office to be docketed as a new appeal. *Id.*

¶4    After docketing the forwarded appeal, the administrative judge notified the appellant of the law and burdens of proof applicable to his USERRA claim and, after holding the requested hearing, issued an initial decision denying corrective action. IAF, Tab 12 at 5, Tab 15, Initial Decision (ID) at 5-6. Specifically, the administrative judge found that the appellant was not qualified for the GS-12 Pathology Specialist position, and that neither his veteran status nor his prior USERRA activity played any role in his nonselection for that vacancy. ID at 4-6. Further, the administrative judge found that, even if the appellant could establish a prima facie case of USERRA discrimination, the agency had shown by preponderant evidence that it would have cancelled the first vacancy to expand the scope of competition and it would have selected a candidate with specialized pathology experience over the appellant. ID at 6.

¶5    The appellant filed a petition for review, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3. On review, the appellant appears to argue that: (1) the agency's actions amount to negligence under tort law; (2) the agency discriminated against him based on his military status when it did not select him for the GS-12 Pathology Specialist position; (3) the agency denied him a benefit of employment when it bypassed his Area of Consideration (AOC)[2] and cancelled the first vacancy announcement; and (4) an unspecified "defected" agency policy is "indirectly discriminative" against veteran employees

---

[2] The Master Agreement between the American Federation of Government Employees and the agency provides that, in filling competitive vacancies in the bargaining unit, the first AOC must be facility-wide and that, although the AOC may be expanded under certain exceptions, "in all cases … first and full consideration shall be given to any best qualified candidates within the facility (or more narrow area)." IAF, Tab 6 at 20-21.

and "has a disparate discriminating impact" on veteran employee candidates for which there is "no good business justification." PFR File, Tab 1 at 5-9.

¶6        As an initial matter and as the agency correctly points out, the Board lacks jurisdiction to consider a tort claim against the agency. PFR File, Tab 3 at 5-6; *Paul v. Department of Agriculture*, 66 M.S.P.R. 643, 650 (1995). Thus, we will not consider the appellant's claim that the agency's actions amount to negligence under tort law. *See* PFR File, Tab 1 at 5-9.

¶7        An appellant raising a discrimination claim under 38 U.S.C. § 4311(a) bears an initial burden of proving, by preponderant evidence, that his military status was a substantial or motivating factor in the agency action. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). To establish that his military service was a substantial or motivating factor in an adverse employment decision, an appellant must show that the agency "relied on, took into account, considered, or conditioned its decision" upon his military-related absence or obligation. *Erickson v. U.S. Postal Service*, 571 F.3d 1364, 1368 (Fed. Cir. 2009). If the appellant meets his burden, the burden shifts to the agency to prove that legitimate reasons, standing alone, would have induced it to take the same action. *Id.*

¶8        The administrative judge found that the agency's evidence established that the appellant was not qualified for the GS-12 Pathology Specialist position because he did not meet the minimum qualifications for the position—namely, at least 1 year of specialized experience at the GS-11 level. ID at 4-5. On review, the appellant has not challenged this finding, and we agree that his application reflects reflect that he did not meet the minimum qualifications and, moreover, he did not include all of the required documentation. *See* PFR File, Tab 1; *see also* IAF, Tab 6 at 38-39, 47, 49, 51. Because the appellant was unqualified for the GS-12 Pathology Specialist position, we find no merit to his contentions insofar as he alleges that his military status or prior USERRA activity was a motivating factor in the agency's decision not to select him.

¶9        Next, the appellant appears to contend that the agency denied him a benefit of employment based on his military status and prior USERRA activity when it bypassed his AOC and cancelled the first vacancy announcement.  PFR File, Tab 1 at 7.  The administrative judge found, however, that the appellant's uniformed service could not have played a role in the selecting official's decision to take these actions because she had no knowledge that the only applicant for the first vacancy announcement was the appellant or that the only applicant was a veteran.  ID at 3-4.  The administrative judge credited the selecting official's hearing testimony and, on review, the appellant has not challenged the veracity or accuracy of her testimony.  *See* PFR File, Tab 1 at 5-10.  Nevertheless, in an apparent attempt to show discriminatory motivation, the appellant alleges the agency treated him less favorably than a nonveteran GS-7 Medical Technician, who did not have a year of Pathology Specialist experience but was "properly treated to his AOC consideration" and hired.  *Id*. at 7-9.  Although an employer's discriminatory motivation may be reasonably inferred from, among other things, disparate treatment of certain employees, *McMillan v. Department of Justice*, 120 M.S.P.R. 1, ¶ 20 (2013), the appellant has failed to offer any evidence to support his assertion that the agency previously hired a nonveteran as a Pathology Specialist without the required specialized experience.  *See* PFR File, Tab 1 at 5-10.  On the other hand, the administrative judge recounted the hearing testimony of the human resources representative, who explained that, contrary to the appellant's understanding, the person previously hired as a Pathology Specialist at the developmental level did have 1 year of specialized experience in pathology.  ID at 5.

¶10       Lastly, the appellant argues that a "defected non-veteran centric policy rule process" was "indirectly discriminative" against, and had a "disparate discriminatory impact" on, veteran employee candidates.  PFR File, Tab 1 at 5-10.  The Board has held, however, that USERRA does not provide for a claim under a disparate impact theory because intent is a required element of proof to

establish discrimination under USERRA. *Harellson v. U.S. Postal Service*, 115 M.S.P.R. 378, ¶¶ 12, 21 (2011). Although a known disparate impact of an agency policy or practice may be some evidence of discriminatory intent, *id.*, ¶ 21, the appellant has not shown any such known impact on veterans, *see* PFR File, Tab 1 at 5-10.

¶11      Based on the foregoing, we agree with the administrative judge's finding that the appellant's uniformed service was not a factor in the agency's decision to bypass the internal AOC and cancel the first vacancy announcement. *See Burroughs v. Department of the Army,* 120 M.S.P.R. 392, ¶ 6 (2013) (finding that the appellant failed to meet his burden of proof under USERRA where he provided speculation, but no evidence, that his uniformed service was a substantial or motivating factor in the agency's action). Although the appellant did not meet his initial burden of proof, the administrative judge also found that, even if the appellant could establish a prima facie case of USERRA discrimination, the agency has shown by preponderant evidence that it would have cancelled the first vacancy in order to expand the scope of competition and that it would have selected a candidate with specialized pathology experience over the appellant. *See* PFR File, Tab 1 at 5-10; ID at 5-6. On review, the appellant has not challenged, and we discern no basis to disturb, this finding.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.