# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FAUSTINO DIAZ,
            Appellant,

            v.

UNITED STATES POSTAL SERVICE,
            Agency.

DOCKET NUMBER
NY-0353-15-0015-I-1

DATE: October 8, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Faustino Diaz, Springfield, New Jersey, pro se.

Anne M. Gallaudet, Esquire, New York, New York, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied corrective action in his appeal of the agency's denial of his request for reemployment following military service.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 An employee whose absence from his civilian position is necessitated by military service is entitled to reemployment rights and benefits under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) if: (1) the employee or the military provided the employer with advance notice; (2) the cumulative absence does not exceed 5 years; and (3) the employee requests reemployment in the prescribed manner and timeframe. 38 U.S.C. § 4312(a); *Woodman v. Office of Personnel Management*, 258 F.3d 1372, 1376 (Fed. Cir. 2001); *Erickson v. U.S. Postal Service*, 108 M.S.P.R. 494, ¶ 7 (2008), *aff'd in part, rev'd in part on other grounds, and remanded*, 571 F.3d. 1364 (Fed. Cir. 2009). If the employee's cumulative absence from his civilian position exceeds 5 years, he is no longer entitled to reemployment rights. *Erickson*, 108 M.S.P.R. 494, ¶ 9. However, there are a number of exemptions for types of military service that do not count toward the 5-year period. *Id.*

¶3 The appellant here left his civilian position with the agency to perform active duty military service. According to the record evidence, he reenlisted several times and served in the military more or less continuously for 20 years,

until he reached his retention control point and took a military retirement. Initial Appeal File (IAF), Tab 7 at 11. Upon his retirement, he requested reemployment from the agency, and the agency requested that the appellant provide copies of his military orders and DD-214s so it could determine whether he was entitled to reemployment. After the agency requested documentation several times, and the appellant provided some, but not all, of the requested documentation, the agency found that he had 20 years of service and that there was no indication in the information that he provided that any of his military service was exempt. *See* IAF, Tab 7 at 11-31, 37-40. On appeal, the administrative judge afforded the parties the opportunity to submit evidence and argument to address, inter alia, whether any of the appellant's military service was exempt from the 5-year rule. IAF, Tab 3. After considering the parties' responses, the administrative judge found that none of the appellant's service was exempt and that he was not entitled to reemployment under USERRA because his cumulative military service exceeded 5 years and because his USERRA reemployment rights do not apply to career military service. Initial Decision at 7; *see Woodman*, 258 F.3d at 1378-79.

¶4        The appellant argues on review, as he did below, that the agency maintained his name on its employment rolls throughout his absence, and that entitles him to return to the position he left. IAF, Tab 1 at 5; Petition for Review File, Tab 1 at 4. The Board has frequently noted that the agency, for reasons peculiar to it, sometimes maintains former employees on its rolls in a nonpay, nonduty status after they are no longer employed by the agency. *Cf. Anderson v. U.S. Postal Service*, 67 M.S.P.R. 455, 457 (1995) (explaining that in Postal Service cases in which the employee is covered by a collective bargaining agreement, the constructive effective date of a removal is the effective date set forth in the agency's decision letter, even if the employee still is technically on the rolls pending completion of the grievance process); *McLaughlin v. Office of Personnel Management*, 62 M.S.P.R. 536, 550 (1994) (viewing the removal of an employee covered by the collective bargaining agreement as being effective on the date

contained in the agency's decision notice, not the date when he is eventually separated from the Postal Service's rolls after final disposition of his Board appeal), *aff'd*, 47 F.3d 1181 (Fed. Cir. 1995) (Table). The Board generally ascribes no particular relevance to this administrative quirk and we see no reason to deviate from that practice here. In any event, whether the agency maintained the appellant on its rolls or not, the fact is that he pursued a 20-year career in the military, only leaving when he retired, and none of his service is exempt from the 5-year rule. Therefore, we find that the appellant is not entitled to reemployment and the administrative judge correctly denied corrective relief.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                                 _____
                                                            William D. Spencer
                                                            Clerk of the Board

Washington, D.C.