**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KEVIN SHARPE,<br>            Appellant,<br><br>       v.<br><br>DEPARTMENT OF JUSTICE,<br>            Agency. | DOCKET NUMBER<br>SF-4324-15-0593-I-1<br><br><br>DATE: November 22, 2016 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Kevin Byrnes, Esquire, Washington, D.C., for the appellant.

Marcia N. Tiersky and William G. Hughes, III, Esquire, Springfield,
    Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2        The appellant, an employee of the agency's Drug Enforcement Administration (DEA) and a former member of the U.S. Navy Reserve, filed an appeal in which he alleged that the agency took various adverse employment actions in violation of the anti-discrimination provisions of USERRA.  Initial Appeal File (IAF), Tab 1.  During the proceedings below, he clarified that he was seeking relief as to the following claims: (1)  that the agency failed to properly calculate his pay and benefits while he was deployed to Kuwait for 6 months in 2003; (2) that the agency failed to select him for a total of 14 GS-14 positions since July 2012; and (3) that the agency paid him at the GS-14 rate for only 4 of the 16 months he served as Acting Group Supervisor for the Narcotics Task Force.  IAF, Tab 49.  Following a hearing, the administrative judge issued a decision denying the appellant's request for corrective action.  IAF, Tab 63, Initial Decision (ID).

¶3        On review, the appellant contests the administrative judge's findings concerning the nonselections.  Petition for Review (PFR) File, Tab 1.  In particular, he argues that the Special Agent in Charge who made recommendations for selection, which were relied upon by the DEA Career Board, improperly discounted skills he acquired in the military.  *Id*. at 13-17.  He further contends that the administrative judge incorrectly applied the analytical framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and failed to apply the "cat's paw" theory described in *Staub v. Proctor Hospital*, 562 U.S. 411 (2011) to his case.  *Id.* at 17-22.  The agency has filed a response, to which the appellant has replied.  PFR File, Tabs 7, 10.

**ANALYSIS**

¶4          In *Sheehan v. Department of the Navy*, [240 F.3d 1009](#) (Fed. Cir. 2001), our reviewing court articulated the procedures and allocations of proof applicable to USERRA discrimination claims arising under [38 U.S.C. § 4311](#).  First, "an employee making a USERRA claim of discrimination . . . bear[s] the initial burden of showing by a preponderance of the evidence that the employee's military service was 'a substantial or motivating factor' in the adverse employment action."  *Id*. at 1013.[2]  If the employee has made the requisite showing, "the employer then has the opportunity to come forward with evidence to show, by a preponderance of the evidence, that the employer would have taken the adverse action anyway, for a valid reason."  *Id*.

¶5          The appellant may satisfy his initial burden using direct or circumstantial evidence.  *Id*. at 1014; *but see Gardner v. Department of Veterans Affairs*, [123 M.S.P.R. 647](#), ¶¶ 29-30 (2016) (clarifying in the title VII context that direct and circumstantial evidence of discriminatory motive are not distinct methods of proof subject to different legal standards).  The court identified four nonexclusive factors to be considered in determining whether discriminatory motive may reasonably be inferred:

> (1) proximity in time between the employee's military activity and the adverse employment action,
>
> (2) inconsistencies between the proffered reason and other actions of the employer,
>
> (3) an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and
>
> (4) disparate treatment of certain employees compared to other employees with similar work records or offenses.

---

[2] An employee's military service is a motivating factor in an adverse employment action if the employer "relied on, took into account, considered, or conditioned its decision" on that service.  *Erickson v. U.S. Postal Service*, [571 F.3d 1364](#), 1368 (Fed. Cir. 2009).

*Sheehan*, 240 F.3d at 1014 (numbering added). "In determining whether the employee has proven that the protected status or activity was part of the motivation for the agency's conduct, all record evidence may be considered, including the agency's explanation for the actions taken." *Id.*

¶6    Our reviewing court has stated in no uncertain terms that the Board "must employ" the *Sheehan* analysis.  *McMillan v. Department of Justice*, 812 F.3d 1364, 1372 (Fed. Cir. 2016).  However, the administrative judge did not at any point cite *Sheehan* or describe the procedures and evidentiary standards set forth therein.    Rather, in finding that the agency "identified legitimate non‑discriminatory reasons" for the nonselections, the administrative judge appears to have implicitly applied the title VII summary judgment framework of *McDonnell Douglas*, in which only the burden of production shifts to the employer, and not the burden of persuasion as in USERRA discrimination claims. ID at 22; *see Sheehan*, 240 F.3d at 1014.[3]

¶7    Furthermore, the Board has held that an administrative judge must provide notice of the *Sheehan* framework and allow the parties to develop the record accordingly.  *Haynes v. U.S. Postal Service*, 89 M.S.P.R. 9, ¶ 7 (2001).  The administrative judge did not provide the required notice at any point during the proceedings below, and the pleadings do not indicate that the appellant was otherwise made aware of the applicable procedures and evidentiary standards. *Cf. Brasch v. Department of Transportation*, 101 M.S.P.R. 145, ¶¶ 15-16 (2006) (declining to remand where the pleadings demonstrated that the appellant was aware of the *Sheehan* standard, notwithstanding the administrative judge's failure to provide the required notice).  We therefore remand the case for further adjudication.  *See Haynes*, 89 M.S.P.R. 9, ¶ 7.

---

[3] We recently have clarified that the *McDonnell Douglas* framework does not apply to Board proceedings even in the title VII context.  *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 46 (2015).

**ORDER**

¶8     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Order.  On remand, the administrative judge should inform the parties of their respective burdens of proof under USERRA and afford them the opportunity to conduct addiitional discovery concerning the contested nonselections.  The administrative judge should then adjudicate the merits of the appellant's USERRA discrimination claim under the correct standard and issue a new initial decision.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.