# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ORLANDO PEREZ,
          Appellant,

      v.

DEPARTMENT OF JUSTICE,
          Agency.

DOCKET NUMBER
DA-3443-15-0125-B-1

DATE: June 7, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Orlando Perez</u>, El Paso, Texas, pro se.

<u>K. Tyson Shaw</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) and the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA). Generally, we grant petitions such as this one only in

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant, a veteran, is employed by the agency as a Correctional Officer in La Tuna, Texas. *Perez v. Department of Justice*, MSPB Docket No. DA-3443-15-0125-I-1, Initial Appeal File (IAF), Tab 7 at 42. During his employment, the appellant applied for several vacancies and career development opportunities, but he was not selected. *Id.* at 43-56. On December 12, 2014, the appellant filed an appeal with the Board arguing that the nonselections were based on discrimination and retaliation for protected equal employment opportunity (EEO) activity. IAF, Tab 1. He also raised prohibited personnel practices and unfair labor practice claims. *Id.* The administrative judge issued an order on jurisdiction informing the appellant of his burden under VEOA, including the requirement that he must exhaust his administrative remedies with the Department of Labor (DOL). IAF, Tab 3. The appellant provided no evidence that he exhausted his administrative remedy, and the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision.

¶3	The appellant filed a petition for review of the initial decision and submitted new evidence to the Board showing that, after the issuance of the initial decision, he exhausted his administrative remedy with DOL. Petition for Review (PFR) File, Tab 1 at 7. In its Remand Order, the Board found that the appellant had exhausted his administrative remedy as to a single vacancy announcement, and remanded the appeal to allow the appellant to pursue his VEOA claim regarding that single nonselection. *Perez v. Department of Justice*, MSPB Docket No. DA-3443-15-0125-I-1, Remand Order, ¶¶ 7-10 (Aug. 7, 2015). The Board also determined that the appellant could raise a claim under USERRA and informed him of what he must prove to prevail on a USERRA claim. *Id.*, ¶¶ 12-13. The Board also found that it lacked jurisdiction over the appellant's claims regarding prohibited personnel practices, discrimination, retaliation, and unfair labor practices, except as necessary to adjudicate the VEOA and USERRA claims. *Id.*, ¶ 14.

¶4	On remand, the administrative judge held a hearing regarding the VEOA and USERRA claims. *Perez v. Department of Justice*, MSPB Docket No. DA-3443-15-0125-B-1, Remand File (RF), Tab 25, Hearing Compact Disc (HCD). She issued a remand initial decision finding that the appellant failed to meet his burden under VEOA as to the single vacancy for which he exhausted his administrative remedy and that he failed to meet his burden under USERRA as to seven specific nonselections for vacancies or career development opportunities. RF, Tab 29, Remand Initial Decision (RID) at 2-7, 10-18.

¶5	The appellant has petitioned for review of the remand initial decision contesting the administrative judge's findings regarding the USERRA claims, specifically challenging her findings concerning five of the seven nonselections.[2]

---

[2] The appellant does not appear to challenge the administrative judge's findings concerning the VEOA claim. After our review of the record, we find no reason to disturb these findings. RID at 2-7.

Remand Petition for Review (RPFR) File, Tab 1 at 6.  The agency has filed a response to the appellant's petition.  RPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        A USERRA discrimination appeal involves an allegation in which the appellant claims that an agency has taken an action prohibited by 38 U.S.C. § 4311(a); *Clavin v. U.S. Postal Service*, 99 M.S.P.R. 619, ¶ 5 (2005).  An employer is considered to have engaged in an action prohibited by section 4311(a) if the appellant's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the agency's action, unless the employer can prove that the action would have been taken in the absence of the protected status. 38 U.S.C. § 4311(c)(1).  Thus, the appellant must initially prove by preponderant evidence that his military status was at least a motivating or substantial factor in the agency action, upon which the agency must prove by preponderant evidence that the action would have been taken despite his protected status.  *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001).[3]

¶7        Uniformed service is a motivating factor if an agency relied on, took into account, considered, or conditioned its decision to act or not act on an appellant's service.  *Erickson v. U.S. Postal Service*, 571 F.3d 1364, 1368 (Fed. Cir. 2009).  Discriminatory motivation under USERRA may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.  *Sheehan*

---

[3] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

at 1014. Here, the administrative judge found that the appellant failed to meet his initial burden of proving by preponderant evidence that his military status was a motivating or substantial factor in the nonselections.[4] RID at 17.

¶8 On review, the appellant argues that the administrative judge erred in finding that he failed to meet his burden under USERRA. RPFR File, Tab 1 at 5-13. Specifically, the appellant challenges the administrative judge's credibility determinations of the two selecting officials who were responsible for the five nonselection claims challenged on review. *Id.* at 6, 8. In the initial decision, the administrative judge credited both selecting officials' testimony that the appellant's military experience played no role in the appellant's nonselection for any of the five vacancies for which they were responsible. RID at 12, 15, 17. When an administrative judge has held a hearing and has made credibility determinations that were explicitly or implicitly based on the witness's demeanor while testifying, the Board must defer to those credibility determinations and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge appropriately relied on *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), to assess witness credibility and found these witnesses to be credible. RID at 17.

¶9 The appellant argues that the selecting officials' testimony regarding the selection process should not be credited because it could not be substantiated due to the agency's failure to record and maintain sufficient records on the selecting officials' decision-making processes that would enable it to "reconstruct" or "recreate promotion actions." RPFR File, Tab 1 at 4, 7. We find the appellant's argument to be unpersuasive. Ordinarily, the Board orders reconstruction of a selection process as a remedy to a VEOA violation. *Morris v. Department of the*

---

[4] The administrative judge also found that even if the appellant had met his burden, the agency demonstrated that it would have selected the same applicants. RID at 17-18.

*Army*, [113 M.S.P.R. 304](#), ¶ 17 (2010).  The appellant has not pointed to any law, rule, or regulation that places a burden on the agency to maintain the types of records he describes[5] as a way to substantiate agency officials' testimony in USERRA nonselection claims.  Moreover, the agency has provided documentation of the appellant's status and other applicants' information for each vacancy.[6]  RF, Tab 18 at 12-332.  Based on the foregoing, we find that the appellant has failed to provide a "sufficiently sound" reason to disturb the administrative judge's credibility determinations.

¶10    The appellant also argues that the administrative judge failed to resolve a disputed fact.  RPFR File, Tab 1 at 4, 8-9.  The appellant has alleged that he asked the selecting official responsible for three of the five nonselections why she did not select him for any of the positions, and she responded that she does not "select scrap."  *Id.* at 8.  The selecting official testified at the hearing that she never referred to the appellant as "scrap."  HCD (testimony of the selecting official).  Although the administrative judge did not make a specific finding concerning this statement, she found the selecting official's testimony to be credible.  RID at 15, 17.  The administrative judge also found that the appellant undermined his own credibility when he testified that his veteran status was the only reason for his nonselection, despite later testimony and record evidence indicating that he had challenged the nonselection on several other discriminatory grounds such as color, national origin, and disability.  *Id.* at 17; HCD (testimony of the appellant); IAF, Tab 7 at 11, 18.  These credibility determinations, by necessary implication, were based, in part, on the demeanor of the witnesses at

---

[5] The appellant argues that the agency should have maintained records from the selecting officials that reflected their personal knowledge of the applicants and any interactions they had had with the applicants.  RPFR File, Tab 1 at 6-7.

[6] Regarding the single VEOA claim, the agency provided transcripts, résumés, and internal processing data as it related to that one vacancy.  RF, Tab 7 at 7, 60-105.

the hearing, and we must defer to these findings absent "sufficiently sound" reasons.[7] *See Purifoy*, 838 F.3d at 1372-73; *Haebe*, 288 F.3d at 1301.

¶11    The appellant also argues on review that the administrative judge erred when she did not consider the "mosaic of evidence" that implies a discriminatory intent, pursuant to *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 42 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25.    RPFR File, Tab 1 at 6, 11.    We find that the appellant's reliance on *Savage* is misplaced; the Board does not apply the evidentiary framework in *Savage*, which is directed at 42 U.S.C. § 2000e-16 discrimination claims raised as an affirmative defense, to USERRA cases. Nonetheless, we find no error in the administrative judge's consideration of the evidence.

¶12    In the initial decision, the administrative judge considered testimony from the two selecting officials responsible for the five challenged vacancies and development opportunities at issue in the appellant's petition for review.    RID at 10-17.    Both officials testified that neither subjected the appellant to unfavorable treatment based on his military experience.    HCD (testimony of the selecting officials); RID at 12, 14.    The administrative judge also considered the selecting officials' testimony that, in three of the five challenged nonselections, the ultimate selectees had military experience and were veterans themselves.    RID at 11 & n.8, 15.    She further considered testimony regarding the other two vacancies, which were both advertised at the GS-07 and GS-09 levels.    RID at 15-17.    The selecting official for those vacancies testified that, although the

---

[7] Even if we assumed that the selecting official told the appellant that she did not "select scrap," the appellant has failed to even allege that the statement was made in reference to his military status or to provide any other reason that would create the inference that the statement was grounded in anti-military animus.  To the contrary, the appellant alleged in an accompanying affidavit to an EEO filing that the selecting official's statement was in reference to his disability, color, national origin, and prior EEO activity.  IAF, Tab 7 at 18.

appellant was qualified for the GS-07 level, she selected applicants who qualified for the GS-09 level because they had more relevant experience and education. HCD (testimony of the selecting official); RID at 15-17. Based on the foregoing, we find that the administrative judge sufficiently considered all the relevant evidence, and we agree with her conclusion that the appellant failed to prove by preponderant evidence that his military service was a motivating or substantial factor in the agency's decisions. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶13        Finally, the appellant argues that he had superior qualifications than the other applicants. RPFR File, Tab 1 at 3, 6-7, 10-11. However, the Board does not consider whether the applicant was entitled to or qualified for the position when analyzing a traditional USERRA nonselection appeal; rather, once jurisdiction is established, the Board considers whether the appellant has shown that his military status was a motivating or substantial factor in the agency's action and whether the agency has shown that it would have taken the same action despite the appellant's protected status. *Becwar v. Department of Labor*, 115 M.S.P.R. 689, ¶ 7 (2011), *aff'd*, 467 F. App'x 886 (Fed. Cir. 2012). Thus, even if the appellant could show that he was the best candidate and should have been selected, he would only prevail on his USERRA claim if he met the burden outlined in *Sheehan* and the agency then failed to meet its own burden. *Sheehan*, 240 F.3d at 1013. Accordingly, we find this argument to be without merit.

¶14        We have considered the appellant's other arguments on review, but we

conclude that a different outcome is not warranted. Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.