NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AISHA TRIMBLE,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2023-1276

---

Petition for review of the Merit Systems Protection Board in No. DA-4324-22-0335-I-1.

---

Decided:  November 7, 2023

---

AISHA TRIMBLE, Dallas, TX, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

---

Before TARANTO, CHEN, and STOLL, *Circuit Judges*.

PER CURIAM.

Aisha Trimble applied for a job with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), a component of the Department of Justice, but was not selected. She then sought corrective action from the Merit Systems Protection Board, asserting that ATF had violated the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301–4333 (USERRA). The Board denied her request. *See* SAppx. (supplemental appendix attached to the Respondent's Informal Brief) 1–10; *Trimble v. Department of Justice*, No. DA-4324-22-0335-I-1, 2022 WL 4634812 (M.S.P.B. Sept. 29, 2022). On Ms. Trimble's appeal, we affirm the Board's decision.[1]

I

Ms. Trimble is an honorably discharged veteran who served on active duty in the United States Army. She applied for an executive assistant position within ATF. She was found to be one of the best qualified candidates and was offered an interview, which took place in the first few days of February 2022 before a panel of three ATF interviewers, including the selecting official. But ATF offered the job to another candidate, who was not a veteran, and

---

[1]    In two previous appeals before this court, Ms. Trimble has alleged USERRA violations stemming from her non-selection for positions within the federal government. In *Trimble v. Department of Homeland Security*, No. 2023-1278, 2023 WL 5921627 (Fed. Cir. Sept. 12, 2023) (non-precedential), we affirmed the Board's rejection of her USERRA challenge to her non-selection for a position within the Federal Emergency Management Agency. In *Trimble v. Department of Veterans Affairs*, No. 2023-1307, 2023 WL 4287197 (Fed. Cir. June 30, 2023) (non-precedential), we affirmed the Board's rejection of her USERRA challenge to her non-selection for a position within the Department of Veterans Affairs.

that candidate accepted the job offer on February 8, 2022. SAppx. 2.

The candidate who had accepted the job offer withdrew her acceptance on March 29. On April 18, Ms. Trimble contacted one of the ATF interviewers to inquire about her application, and on April 19, that interviewer responded to Ms. Trimble that "she was 'very competitive,' but 'another candidate was offered the position.'" SAppx. 2. (He later testified that he was unaware that the initial selectee had already withdrawn. SAppx. 9.) Also on April 19, the Board found, "[t]he certificates of eligibles expired." SAppx. 2. The selecting official (one of the interviewers) testified before the Board that (in the Board's description) "when he learned the selectee had withdrawn her acceptance of the position, Human Resources informed him that it was too late to move forward with another selection from the certificates of eligibles." SAppx. 9. At the time of the Board hearing, the selecting official testified, the position at issue as well as others "remain[ed] vacant" because of an Office of Personnel Management (OPM) audit. SAppx. 9 n.7.

Ms. Trimble then appealed her non-selection to the Board under USERRA. Ms. Trimble alleged that ATF did not want to hire a veteran for the position and that her non-selection was due to "'discriminatory bias against her military service, in violation of 38 U.S.C. § 4311(a).'" SAppx. 4. She alleged, in particular, that two of her interviewers had made statements during her interview reflective of "'disdain for military veterans'" and that one of them asked if she had served on active duty or as a reservist. SAppx. 4–5. Ms. Trimble also asserted that ATF's failure to offer her the job after the initial selectee withdrew was further evidence of its discrimination against veterans. SAppx. 9.

After holding a hearing at which all three interviewers testified, the Board administrative judge assigned to the matter denied Ms. Trimble's request for corrective action. SAppx. 1–2. The administrative judge credited the

testimony of the interviewers (including the selecting official), considered the fact that a non-veteran was initially selected, and found that Ms. Trimble failed to establish by a preponderance of the evidence that her military service was a substantial or motivating factor in the agency's selection decision. SAppx. 5–9. That finding made it unnecessary to consider stages of a USERRA analysis reached only upon adequate proof on the threshold substantial-or-motivating-factor issue. *See Erickson v. U.S. Postal Service*, 571 F.3d 1364, 1368 (Fed. Cir. 2009).

The administrative judge's decision became the final decision of the Board on November 3, 2022. SAppx. 10. Ms. Trimble timely appealed on December 14, 2022. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

II

We will affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). To prove a USERRA violation, the claimant "bears the initial burden of showing by a preponderance of the evidence that [her] military service was a substantial or motivating factor in the adverse employment action." *Erickson*, 571 F.3d at 1368. Whether a veteran's military service was a substantial or motivating factor in her non-selection is a factual question, and the Board's answer is reviewed for substantial-evidence support. *See Sheehan v. Department of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McLaughlin v. Office of Personnel Management*, 353 F.3d 1363, 1369 (Fed. Cir. 2004) (quoting *Matsushita Electric Industrial Co. v. United States*, 750 F.2d 927, 933 (Fed. Cir. 1984)). "The petitioner [in this court, *i.e.*,

Ms. Trimble] bears the burden of establishing error in the Board's decision." *Harris v. Department of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Substantial evidence supports the Board's finding that Ms. Trimble failed to carry her initial burden to show that her military service was a substantial or motivating factor in her non-selection. The Board heard testimony from all three of Ms. Trimble's interviewers about what occurred during Ms. Trimble's interview. SAppx. 5–9. The testimony was, among other things, that one of the alleged comments was never made and the other had been made in the course of conversation without any animus. SAppx. 5–6. The Board found their testimony credible. SAppx. 6. Given that finding, and the content of the statements and questions on which Ms. Trimble relies, we have no basis for disturbing the findings under the applicable deferential standard of review. *See, e.g.*, *Frey v. Department of Labor*, 359 F.3d 1355, 1361 (Fed. Cir. 2004).

Ms. Trimble also contends that the Board erred in not requiring proof from ATF—or even definitively determining—that, after the initial selectee withdrew her acceptance of the job offer, it was actually too late to offer her the position. This contention provides no ground for disturbing the Board's ruling. It was Ms. Trimble who bore the burden of proving that her non-selection was motivated by her military service. *See Erickson*, 571 F.3d at 1368. Here, the selecting official testified that he was informed by Human Resources, after the initial selectee withdrew, that it was "too late to move forward with another selection." SAppx. 9. The Board credited that testimony of "reliance on" the information, without further inquiry into whether or not Human Resources was correct, as a nondiscriminatory reason for ATF's not turning to Ms. Trimble after the initial selectee withdrew. SAppx. 9. Ms. Trimble has provided no contrary evidence that supports disturbing the Board's analysis on this aspect of the case.

We also see no merit in Ms. Trimble's contention that the Board applied the wrong law because it did not take account of veterans' preference statutes.  USERRA does not "'provide a remedy to veterans who are not given preferences in employment decisions.'" *Trimble v. Department of Veterans Affairs*, 2023 WL 4287197, at *3 (quoting *Wilborn v. Department of Justice*, 230 F.3d 1383 (Fed. Cir. 2000) (unpublished table decision)).  As we have previously noted, claims of improper denial of a statutory preference for veterans "are properly raised under the Veterans Employment Opportunities Act of 1998." *Trimble v. Department of Homeland Security*, 2023 WL 5921627, at *2 n.4.  Ms. Trimble's separate VEOA claims regarding the facts at issue here are addressed in *Trimble v. Department of Justice*, No. 2023-1277 (Fed. Cir. November 7, 2023).

### III

We have considered Ms. Trimble's other arguments and find them unpersuasive.  For the foregoing reasons, the decision of the Merit Systems Protection Board is affirmed.

The parties shall bear their own costs.

**AFFIRMED**