# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DESELLE VOLSON,
> Appellant,

v.

DEPARTMENT OF VETERANS AFFAIRS,
> Agency.

DOCKET NUMBER
DA-4324-17-0401-I-1

DATE: March 4, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

Beverly A. Banks, Lawton, Oklahoma, for the appellant.

Johnston B. Walker, Jackson, Mississippi, for the agency.

Ouida F. Adams, Shreveport, Louisiana, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) (codified as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

amended at 38 U.S.C. §§ 4301-4335).[2]  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was honorably discharged from the Navy in 2010, after 10 years of service, and has a 90% service-connected disability.  Initial Appeal File (IAF), Tab 17 at 4, Tab 32, Initial Decision (ID) at 19-20, 22.  Effective May 31, 2016, the agency appointed her to a Medical Support Assistant (MSA) position, a "hybrid" position under 38 U.S.C. § 7401(3) in the excepted service, subject to a 1-year probationary period.  IAF, Tab 17 at 4.  On March 17, 2017, the agency terminated the appellant for failing to follow leave procedures.  IAF, Tab 11 at 29-31.  In a pair of letters dated March 29, 2017, the agency rescinded the first termination action and terminated the appellant, effective March 20, 2017, for failing to follow supervisory instructions.  IAF, Tab 11 at 33-36.

The appellant filed a USERRA complaint with the Department of Labor (DOL), alleging that the agency discriminated against her based on her uniformed service and service-connected disability.  *Id.* at 69-73.  DOL sent the appellant a closure letter, advising her that her claim of discrimination based on her service-connected disability was not cognizable under USERRA.  *Id.* at 45-46.

The appellant filed a USERRA appeal with the Board.  IAF, Tab 1 at 5. After holding her requested hearing, the administrative judge issued a bench decision, denying the appellant's request for corrective action.  ID at 11-13.  He incorporated the bench decision into a written initial decision.  ID at 1-2.  He found that, while the appellant had performed uniformed service and the agency

_____

[2] The appellant also has petitioned for review of the initial decisions in her probationary termination, individual right of action, and Veterans' Employment Opportunity Act appeals, which were docketed under *Volson v. Department of Veterans Affairs*, MSPB Docket Nos. DA-0752-17-0446-I-1, DA-1221-17-0494-W-1, DA-3330-17-0402-I-1. We have joined and adjudicated those appeals in a separate decision.

denied her a benefit of employment by terminating her, she did not prove that her uniformed service was a substantial or motivating factor in the agency's decision to terminate her. ID at 19-20. He further found that the evidence showed the alleged harassment the appellant experienced was due to her service-connected disability, which was not a cognizable USERRA claim. ID at 20-21, 24-28; *see McBride v. U.S. Postal Service*, 78 M.S.P.R. 411, 415 (1998) (explaining that USERRA does not authorize the Board to adjudicate a claim of discrimination based on disability alone, even if the underlying disability arose from military service).

The appellant has filed a petition for review, arguing that she proved her uniformed service was a substantial or motiving factor in her termination and that the administrative judge committed other adjudicatory errors. Petition for Review (PFR) File, Tab 1 at 4, 18-21. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

Because the appellant raises a USERRA discrimination claim under 38 U.S.C. § 4311(a), she has the initial burden of proving by preponderant evidence that her military service was a substantial or motivating factor in the agency's decision to terminate her.[3] 38 U.S.C. § 4311(c)(1); *Sheehan v.*

---

[3] USERRA similarly prohibits discriminating in employment against or taking any adverse employment action against any person because she has engaged in one or more forms of the protected activity described in 38 U.S.C. § 4311(b). *Burroughs v. Department of the Army*, 120 M.S.P.R. 392, 395 (2013). An agency violates section 4311(b) if the appellant's protected activity "is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such person's [protected activity]." 38 U.S.C. § 4311(c)(2). Should the argument and evidence presented on remand indicate the appellant also has raised a claim under section 4311(b), the administrative judge should consider that issue. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

*Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). If she makes that requisite showing, the agency has the opportunity to show that it would have terminated her even in the absence of the improper motivation. 38 U.S.C. § 4311(c)(1); *Sheehan*, 240 F.3d at 1013-14.

The appellant's military service is a substantial or motivating factor in the termination action if the agency "relied on, took into account, considered, or conditioned its decision" on that service. *Erickson v. U.S. Postal Service*, 571 F.3d 1364, 1368 (Fed. Cir. 2009). She may prove the factual question of discriminatory motivation or intent with direct or circumstantial evidence. *Sheehan*, 240 F.3d at 1014. Our reviewing court identified four nonexclusive factors to be considered in determining whether to infer discriminatory motive: "(1) proximity in time between the employee's military activity and the adverse employment action, (2) inconsistencies between the proffered reason and other actions of the employer, (3) an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and (4) disparate treatment of certain employees compared to other employees with similar work records or offenses." *Id.* (numbering added).

The administrative judge should reconcile the conflicting evidence to determine whether the agency's actions were consistent with its decision to terminate the appellant.

As to the second factor for inferring motive, inconsistencies in the agency's proffered reason, the appellant points to such inconsistencies on review. PFR File, Tab 1 at 21. The agency gave three different reasons for terminating the appellant: failing to follow leave procedures, failing to follow supervisory instructions, and being disruptive. IAF, Tabs 29-31, 33-36, Tab 30, Hearing Compact Disc (HCD), part 2 at 6:00-8:00 (testimony of the appellant's first-level supervisor). The administrative judge determined that the inconsistency between the first two reasons was not indicative of discriminatory animus, finding that the agency identified the first reason in error and that the actions of the first-level

supervisor, the putative deciding official, were consistent with the second proffered reason. ID at 29-32. He did not make any explicit findings as to the third reason.

Below, the appellant argued that she was not disruptive and addressed that issue in her closing argument. IAF, Tab 18 at 15-16; HCD, part 2 at 1:39:30-1:40:00 (the appellant's closing argument). On review, she identifies specific evidence in the record that she claims contradicts the agency's basis for concluding that she was disruptive, including testimony from the first-level supervisor, the acting supervisor, and the lead MSA. PFR File, Tab 1 at 6, 8-12. According to the first-level supervisor's testimony, she believed that the appellant was disruptive because two acting supervisors and the lead MSA had reported to her that the appellant was disruptive. HCD, part 2 at 6:00-8:00 (testimony of the first-level supervisor). However, both the lead MSA and one of the identified acting supervisors denied telling the first-level supervisor that the appellant was disruptive. HCD, part 1 at 1:57:00-2:02:30 (testimony of lead MSA), part 2 at 54:00-56:00 (testimony of acting supervisor). There is no statement or testimony in the record from the second acting supervisor. The administrative judge did not acknowledge or attempt to resolve the conflict raised by the testimony of those witnesses. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

The Board may only review the appellant's termination to the extent necessary to address her USERRA discrimination claims. *See Metzenbaum v. Department of Justice*, 89 M.S.P.R. 285, ¶ 15 (2001) (explaining that in a USERRA appeal the Board does not have jurisdiction to review the merits of an action that is not otherwise appealable except to the extent necessary to address the appellant's military status discrimination claims). If the first-level

supervisor's basis for concluding that the appellant was disruptive is contrived, that justification cannot explain the agency's motivation for terminating her and bolsters her claim that her termination was pretextual. *See McMillan v. Department of Justice*, 120 M.S.P.R. 1, ¶¶ 21-23 (2013) (finding that, if credible, the testimony showing that the agency's proffered reason was questionable or unsupported may serve as circumstantial evidence that the agency's reason was pretext to discriminate against the appellant based on his military service). As a result, the administrative judge should resolve the credibility issues created by this conflicting testimony and conclude whether the agency's actions are inconsistent with its proffered reason for terminating the appellant. *Id.*, ¶¶ 21-24 (remanding the USERRA appeal for the administrative judge to resolve conflicting testimony and to make credibility determinations); *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (providing a list of factors for an administrative judge to consider in resolving credibility issues, including the inconsistency of a witness's version of events with other evidence).

<u>The administrative judge did not consider all of the evidence relevant to whether the agency expressed hostility toward the appellant's military service.</u>

As to the third factor for inferring discriminatory motive, an employer's expressed hostility toward members protected by the statute together with knowledge of the employee's military activity, the administrative judge found no evidence that any employee used disparaging language toward veterans. ID at 20-21. On remand, the appellant apparently disputes this finding. She alleges that her first-level supervisor and a nonveteran coworker falsely accused her of threatening to "shoot up the place," and states that the testimony from the lead MSA and two of her coworkers supports her claim. PFR File, Tab 1 at 6-8, 14-15. She argues that those unfounded accusations reflect a general negative belief that veterans have post-traumatic stress disorder and are mentally unstable, evidencing anti-veteran animus. *Id.* at 14-15. The administrative judge did not consider this argument or evidence in the initial decision and did not make any

credibility findings as to whether the allegedly false accusations were made. *See Spithaler*, 1 M.S.P.R. at 589.

We found no evidence in the record showing that the appellant threatened her first-level supervisor or any of her coworkers. There is conflicting testimony on whether the first-level supervisor told others that the appellant had threatened her and on the nature of that purported threat. The appellant testified that her two coworkers told her that the first-level supervisor had started a rumor that the appellant threatened to kill her and everyone in the call center. HCD, part 1 at 37:00-44:00 (testimony of the appellant). One of her coworkers testified that the first-level supervisor told the appellant's coworkers that the appellant was "psychotic" and "crazy" and had threatened to "blow somebody up," prompting them to change the codes on the doors. *Id.* at 58:00-60:00 (testimony of one of the appellant's coworkers). In contrast, the appellant's other coworker denied talking with the appellant about any threat allegations. HCD, part 1 at 1:30:00-1:32:00 (testimony of the appellant's other coworker). The lead MSA testified that the first-level supervisor told him that the appellant "just blew up" in her office. HCD, part 2 at 2:02:30-2:04:00 (testimony of the lead MSA). Similarly, the first-level supervisor testified that the appellant had not threatened her and denied making such a claim to others. HCD, part 2 at 8:15-8:45 (testimony of the first-level supervisor).

Falsely stating that the appellant was going to "blow the place up" because she was "psychotic" and "crazy" may be probative evidence of anti-veteran animus, given her first-level supervisor's knowledge of the appellant's veteran status and the derogatory nature of that comment. *See Bagunas v. U.S. Postal Service*, 92 M.S.P.R. 5, ¶¶ 15, 18 (2002) (finding that an interview panelist's remark that the appellant, a disabled veteran, did "not look disable[d]" and probably had "bullets in his body," if made, could evidence anti-veteran animus among the panelists), *overruled on other grounds by Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶¶ 8, 13 (2009); *Petersen v. Department of the*

*Interior*, 71 M.S.P.R. 227, 235 (1996) (finding that the Board had jurisdiction over a USERRA case in which the appellant alleged that coworkers harassed him by referring to him as a "psycho," "baby killer," and "plate head" because of his military service). Thus, if true, this may be circumstantial evidence that the appellant's veteran status was a factor in the agency's termination action. Therefore, the administrative judge should make the necessary credibility determinations to resolve this factual dispute.[4] *See McMillan*, 120 M.S.P.R. 1, ¶¶ 21-24; *Hillen*, 35 M.S.P.R. at 458.

<u>The appellant has not shown that the testimony of the Human Resources (HR) employee was unreliable or not credible.</u>

The appellant also argues that the administrative judge erred in crediting the testimony of the HR employee in finding that the inconsistencies between the termination letters were not indicative of any nefarious motivation, but rather, were the result of an inadvertent administrative error. PFR File, Tab 1 at 19-20; ID at 29-30. She claims that his testimony was "biased" and "inconsistent" with the other record evidence, PFR File, Tab 1 at 19; however, she has not explained the reason for or identified evidence supporting either contention. Therefore, she has provided no basis for overturning the administrative judge's findings on this issue. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (explaining that before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is

---

[4] Some of the testimony on this issue is hearsay. It is well settled that hearsay evidence is admissible in Board proceedings. *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 15 (2014). The Board weighs certain factors, as set forth in *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981), to assess the probative value of hearsay evidence. On remand, the administrative judge should consider the *Borninkohf* factors in determining the probative value of this evidence. Moreover, the administrative judge credited the fact that the alleged harassers also were veterans or spouses of veterans in refuting the appellant's allegations of discrimination. ID at 21. The administrative judge also may want to revisit that determination on remand. *See, e.g., Beck v. Department of the Navy*, 997 F.3d 1171, 1182 (Fed. Cir. 2021) (finding that an agency official, a service member, engaged in prohibited USERRA discrimination against the appellant, a veteran).

incorrect and identify the specific evidence in the record which demonstrates the error); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing and that the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

The appellant has not shown that her coworkers' harassment based on her service-connected disability was actionable or that they harbored animus toward her because of her entitlement to veterans' preference in hiring.

On review, the appellant reargues that she proved her USERRA discrimination claim because she established that her coworkers harassed her based on her service-connected disability and for receiving certain veterans' preferences in hiring. PFR File, Tab 1 at 5, 13, 20-21. However, the administrative judge correctly found that harassment based on the appellant's disability, even if that disability arose from the performance of military duty, is not a claim of discrimination based on military service proscribed under USERRA. ID at 24-28; *see McBride*, 78 M.S.P.R. at 415; *cf. Petersen*, 71 M.S.P.R. at 239 (finding that harassment on account of prior service in the uniformed services, which is sufficiently pervasive to alter the conditions of employment and create an abusive working environment, is a violation of 38 U.S.C. § 4311(a)). Moreover, the administrative judge already weighed the appellant's testimony in support of her claim of discrimination based on her receiving veterans' preference against the other evidence and found that the appellant did not prove she was discriminated against based thereon. ID at 28-29. The appellant's arguments on review constitute mere disagreement with the administrative judge's finding and do not provide a basis for granting the appellant's petition for review. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and

made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

<u>The appellant has not shown that the administrative judge was biased.</u>

The appellant also suggests that the administrative judge based his decision on his "personal opinion," PFR File, Tab 1 at 4; however, she has not identified any aspect of the initial decision or elsewhere in the record where this allegedly occurred. Therefore, her conclusory assertion is insufficient to overcome the presumption of honesty and integrity that accompanies administrative judges. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (finding that in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).

## ORDER

For the reasons discussed above, we remand this case to the Dallas Regional Office for further adjudication in accordance with this Remand Order. On remand, the administrative judge should make factual findings and credibility determinations on whether the appellant provided any direct or circumstantial evidence of anti-veteran animus, consistent with this Order. If, upon remand, the administrative judge finds no additional direct or circumstantial evidence of discriminatory animus, he may adopt his prior findings as appropriate. However, if he concludes that the appellant has met her burden to prove her that her military service was a substantial or motivating factor in her termination, the

administrative judge should make findings as to whether the agency has shown that it would have terminated her, even in the absence of the improper motivation.


FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.